Brandon PATTERSON, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 18A02–0507–CR–651.

Court of Appeals of Indiana.

May 3, 2006.

Geoffrey A. Rivers, Muncie, for Appellant.

Steve Carter, Attorney General of Indiana, Deanna L. Brunner, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

Brandon Patterson appeals his fifty-year sentence for robbery resulting in serious bodily injury, a Class A felony. Specifically, he contends that the trial court abused its discretion in finding certain aggravating circumstances, in weighing certain mitigating circumstances, and in failing to find other mitigating circumstances. Patterson also argues that his sentence is inappropriate in light of the nature of his offense and his character. We conclude that the trial court properly found and weighed the aggravators and mitigators and that Patterson's sentence is not inappropriate; therefore, we affirm his sentence.

### Facts and Procedural History

On March 7, 2004, Patterson, along with Damien Sanders and fourteen-year-old A.A., went to a party near Ball State University in Muncie, Indiana. At the party, the trio met Karl Harford, who offered to drive them home. Patterson, Sanders, and A.A. agreed to rob Harford. Patterson, while in possession of Sanders' .25 caliber handgun, robbed Harford of $2.00. Sanders then took the gun and killed Harford with a single shot to the head. The defendants dragged Harford's body down the street and left it in the back seat of the car. Harford's body was discovered later that night, and the next day, Patterson called the police, turned himself in, and made a full confession.

The State charged Patterson with: Count I, Murder, a felony;[1] Count II, Robbery Resulting in Serious Bodily Injury, a Class A felony;[2] and Count III, Conspiracy to Commit Robbery Resulting in Serious Bodily Injury, a Class A felony.[3] The State later amended the information to include two counts of theft arising from conduct unrelated to the robbery and murder of Harford. Patterson entered into a plea agreement under which he pled guilty to robbery resulting in serious bodily injury, a Class A felony, and the State dropped the four other charges. The written plea agreement included the following clause:

The parties agree that the defendant shall receive the following sentence:

Sentencing left to the discretion of the Court, however, the parties agree that there shall be a range of sentence between a minimum of forty-five (45) years to a maximum of fifty (50) years.

Appellant's App. p. 72.

In sentencing Patterson, the trial court identified the following aggravating circumstances:

1. Defendant has some history of criminal activity; the length of time between Defendant's arrest in Henry County (12/7/03) and this offense (3/7/04).

2. The crime resulted in consequences beyond serious bodily injury, i.e., death.

3. The crime was committed in the presence of an individual under the age of 18 ( [A.A.] ).

*Id.* at 133. The court also identified the following mitigating circumstances:

1. Defendant accepted responsibility for his actions and pleaded guilty to the instant offense; however, this factor carries little weight, as Defendant gained a great advantage from the plea agreement (dismissal of the murder charge and three other charges).

2. Defendant states to be remorseful.

3. Defendant's youthful age; age 18 when the offense occurred, and now age 19.

4. Long-term incarceration of the Defendant could result in undue hardship upon the Defendant's dependents; however, the Court gives this factor minimal weight, because he was not considering his responsibilities the night this crime occurred.

*Id.* at 134. The court concluded: "On balance, the Court finds the aggravating circumstances completely outweigh the mitigating circumstances, warranting the imposition of the maximum sentence to which the Defendant agreed. In support, the Court finds the Defendant committed a robbery that resulted in death." *Id.* As such, the court sentenced Patterson to an executed sentence of fifty years, the maximum sentence for a Class A felony. It is from this sentence that Patterson now appeals.

## Discussion and Decision

■ Patterson argues that the trial court abused its discretion in finding and weighing the aggravating and mitigating circumstances and that his sentence is inappropriate in light of the nature of his offense and his character.[4] Initially, we

---

**1.** Ind.Code § 35–42–1–1.

**2.** Ind.Code § 35–42–5–1.

**3.** Ind.Code § 35–41–5–2; I.C. § 35–42–5–1.

**4.** Patterson also argues that his fifty-year sentence violates Article I, § 16 of the Indiana Constitution, which provides, in pertinent part: "All penalties shall be proportioned to the nature of the offense." However, not-

note that the statutory sentencing range for a Class A felony is twenty to fifty years, the presumptive sentence being a fixed prison term of thirty years with not more than twenty years added for aggravating circumstances or not more than ten years subtracted for mitigating circumstances. Ind.Code § 35–50–2–4.[5] By agreeing to a sentencing range of forty-five to fifty years, then, Patterson necessarily conceded that the aggravating circumstances outweighed the mitigating circumstances. *See* Tr. p. 19. As between forty-five and fifty years, however, Patterson entrusted the balancing of the aggravators and mitigators to the discretion of the trial court. Therefore, we must analyze the *specific* aggravators and mitigators found and weighed by the trial court, and we address this issue first.

## I. Aggravators and Mitigators

[2–6] Patterson argues that the trial court improperly found and weighed the aggravating and mitigating circumstances. Sentencing lies within the discretion of the trial court. *Haddock v. State*, 800 N.E.2d 242, 245 (Ind.Ct.App.2003). If a trial court uses aggravating or mitigating circumstances to enhance or reduce the presumptive sentence, it must: (1) identify all significant mitigating and aggravating circumstances; (2) state the specific reason why each circumstance is determined to be mitigating or aggravating; and (3) articulate its evaluation and balancing of the

circumstances. *Id.* The trial court is not required to find the presence of mitigating circumstances. *Id.* When a defendant offers evidence of mitigators, the trial court has the discretion to determine whether the factors are indeed mitigating, and the trial court is not required to explain why it does not find the proffered factors to be mitigating. *Id.* The trial court's assessment of the proper weight of mitigating and aggravating circumstances is entitled to great deference on appeal and will be set aside only upon a showing of a manifest abuse of discretion. *Id.*

### A. Aggravating Circumstances

First, Patterson asserts that all of the aggravating circumstances the trial court found are improper. The first aggravator cited by the trial court in its sentencing order was Patterson's criminal history. The presentence investigation report reveals that Patterson was arrested for battery as a juvenile and had an active warrant and a charge pending for possession of cocaine at the time of his arrest in this cause. "A record of arrest, without more, does not establish the historical fact that a defendant committed a criminal offense and may not be properly considered as evidence of criminal history." *Cotto v. State*, 829 N.E.2d 520, 526 (Ind.2005). However, a review of the transcript of the sentencing hearing indicates that the trial court's primary concern was the risk that

withstanding several very general case citations, Patterson fails to present any cogent argument and has therefore waived this issue. Ind. Appellate Rule 46(A)(8)(a); *Mitchell v. State*, 813 N.E.2d 422, 426 n. 4 (Ind.Ct.App. 2004), *trans. denied.*

5. Between the date of Patterson's offense, March 7, 2004, and the date of sentencing, June 24, 2005, Indiana Code § 35–50–2–4 was amended to provide for an "advisory" sentence rather than a "presumptive" sen-

tence. *See* P.L. 71–2005, § 7 (eff.Apr. 25, 2005). Another panel of this Court recently held that the change from presumptive to advisory sentences constitutes a substantive, rather than procedural, change that should not be applied retroactively. *Weaver v. State*, 845 N.E.2d 1066, 1071–1072, (Ind.Ct.App., 2006); *but see Samaniego–Hernandez v. State*, 839 N.E.2d 798, 805 (Ind.Ct.App.2005). Therefore, we operate under the earlier "presumptive" sentencing scheme.

Patterson would continue to commit crime. *See* Tr. p. 53–55.

■ "A record of arrest, particularly a lengthy one, may reveal that a defendant has not been deterred even after having been subject to the police authority of the State." *Cotto*, 829 N.E.2d at 526. "Such information may be relevant to the trial court's assessment of the defendant's character in terms of the risk that he will commit another crime." *Id.* Here, Patterson's record of arrest is not particularly lengthy, but two other factors, noted by the trial court, make that record a significant aggravator. First, there were only three months between Patterson's felony charge for possession of cocaine and his charges in this cause. Second, Patterson was with Damien Sanders, his sister's boyfriend and an experienced criminal, during the conduct that gave rise to both the possession charge and the current charge. That Patterson continued to associate himself with Sanders and continued to engage in illegal activity after the felony cocaine charge supports the trial court's finding that there is a substantial risk that Patterson will commit another crime.

■ The second aggravator identified by the trial court was that, "The crime resulted in consequences beyond serious bodily injury, i.e., death." Appellant's Br. p. 21; Appellant's App. p. 133. Patterson refers us to *Conwell v. State*, where this Court held:

> [W]hen a defendant pleads guilty to an included offense, the element(s) distinguishing it from the greater offense . . . may not be used as an aggravating cir-

cumstance to enhance the sentence. The trial court is entitled to refuse to accept the plea to the included offense, but it may not attempt to sentence as if the defendant had pled to the greater offense by using the distinguishing element(s) as an aggravating factor.

542 N.E.2d 1024, 1025 (Ind.Ct.App.1989); *see also Nybo v. State*, 799 N.E.2d 1146, 1152 (Ind.Ct.App.2003) ("[The trial court] cannot accept the plea agreement, then punish Lacie at sentencing for the State's perceived leniency in striking the deal in the first place."). Nevertheless, in *Lang v. State*, where the defendant was charged with robbery as a Class A felony because the offense resulted in serious bodily injury to the victim, our Supreme Court held: "The serious nature of the injuries to the victim in this case was one of the specific facts which the court could consider as an aggravating circumstance." 461 N.E.2d 1110, 1113 (Ind.1984). Therefore, while the trial court was prohibited from imposing the maximum sentence for robbery resulting in serious bodily injury in an effort to "compensate" for the State's decision to dismiss the murder charge, *see Conwell*, 542 N.E.2d at 1025, it did not abuse its discretion to the extent that Harford's injury went beyond that required to constitute "serious bodily injury."

■ The third and final aggravator relied upon by the trial court was that Patterson's crime was committed in the presence of an individual under the age of eighteen, namely, A.A. Indiana Code § 35–38–1–7.1(a)(5) (West 2004)[6] provides, in pertinent part:

---

**6.** Between the date of Patterson's offense, March 7, 2004, and the date of sentencing, June 24, 2005, an amended version of Indiana's sentencing statute, Indiana Code § 35–38–1–7.1, went into effect. *See* P.L. 71–2005, § 3 (eff.Apr. 25, 2005). In the previous version, the "in the presence or within hear-

ing of an individual who is less than eighteen (18) years of age" aggravator was found at Indiana Code § 35–38–1–7.1(a)(5) (West 2004), while in the amended version, a similar aggravator is found at Indiana Code § 35–38–1–7.1(a)(4) (Supp.2005). This change in the statute has no effect on our analysis be-

In determining what sentence to impose for a crime, the court shall consider:

\* \* \* \* \* \*

(5) whether the person committed the offense in the presence or within hearing of a person who is less than eighteen (18) years of age who was not the victim of the offense[.]

A.A., who was fourteen at the time of the offense, clearly falls within this definition. In explaining this aggravator, the trial court rightfully noted that "society wants to guard against having juveniles involved in crimes." Tr. p. 56. The court did not abuse its discretion in finding and considering this aggravator.

## B. Mitigating Circumstances Found

 Next, Patterson contends that the trial court failed to give sufficient weight to two of the mitigating circumstances that it found. At the outset, we stress that trial courts are not required to give the same weight or credit to mitigating evidence as defendants do. *Moore v. State*, 827 N.E.2d 631, 642 (Ind.Ct.App.2005), *reh'g denied, trans. denied.* Patterson first argues that the trial court abused its discretion in failing to give greater mitigating weight to his acceptance of responsibility for the crime. The trial court specifically noted that it was assigning minimal weight to this factor because Patterson "gained a great advantage from the plea agreement (dismissal of the murder charge and three other charges)." Appellant's App. p. 134; Appellant's Br. p. 11–12.

 A guilty plea saves significant court resources, and where the State reaps such substantial benefits from the defendant's act of pleading guilty, the defendant deserves to have a substantial benefit returned. *Sensback v. State*, 720 N.E.2d 1160, 1165 (Ind.1999). However, a trial

court does not abuse its discretion by not finding a guilty plea as a mitigating factor when a defendant receives substantial benefits for pleading guilty. *Id.* Here, in exchange for Patterson's plea of guilty to robbery resulting in serious bodily injury, the State agreed to drop the murder charge and three other charges. Therefore, Miller was significantly rewarded for his decision to plead guilty and assist police in their investigation of the crime.

Nonetheless, Patterson argues that the trial court should have assigned greater mitigating weight to his acceptance of responsibility because he not only pled guilty, but also "solved the crime," "turned himself in," "identified his co-defendant's [sic]," and confessed. Appellant's Br. p. 12. We agree with Patterson that all of these actions conferred a substantial benefit to the State in addition to his guilty plea, but he undervalues the significance of the State's agreement to drop all other charges, including a murder charge. We cannot say that the trial court abused its discretion in refusing to assign greater mitigating weight to Patterson's acceptance of responsibility.

 Patterson also asserts that the trial court abused its discretion in failing to give sufficient mitigating weight to the undue hardship his incarceration will cause to his girlfriend and children. The trial court found:

Long-term incarceration of the Defendant could result in undue hardship upon the Defendant's dependents; however, the Court gives this factor minimal weight, because he was not considering his responsibilities the night this crime occurred.

Appellant's App. p. 134; Appellant's Br. p. 12. Patterson states that he "lived with

cause the aggravator is valid under both the

previous version and the amended version.

and supported his girlfriend and child[ren] both financially and emotionally." Appellant's Br. p. 13. However, Patterson does not explain how a prison term of fifty years will result in more hardship to his girlfriend and children than would a prison term of forty-five years. Indeed, the difference here between those two sentences "hardly can be argued to impose much, if any, additional hardship" on Patterson's dependents. *Abel v. State*, 773 N.E.2d 276, 280 (Ind.2002). The trial court did not abuse its discretion in refusing to consider the hardship on Patterson's dependents as a significant mitigating circumstance.

### C. Mitigating Circumstances Not Found

■ Last, Patterson complains that the trial court failed to find as mitigating circumstances his insignificant criminal history and his achievements while incarcerated. We have already determined that Patterson's arrest record supports the trial court's finding that the risk that he will commit another crime is an aggravating circumstance. Therefore, the trial court did not abuse its discretion in refusing to consider Patterson's lack of prior convictions as a mitigating circumstance.

■ Regarding Patterson's achievements while incarcerated, we first emphasize that when a defendant offers evidence of mitigators, the trial court has the discretion to determine whether the factors are indeed mitigating. *Haddock*, 800

N.E.2d at 245. Patterson contends that the fact that he earned his G.E.D. while incarcerated awaiting sentencing is a significant mitigator. However, the trial court's sentencing order provides: "The Court also grants Defendant 183 days' credit for obtaining his GED, and giving Defendant credit for 'good time' served, the Court grants Defendant credit for 366 days' served for the GED." Appellant's Br. p. 22. The trial court did not abuse its discretion in failing to assign mitigating weight to the fact that Patterson earned his G.E.D. because Patterson received a significant benefit for the accomplishment.

Patterson also points to the parenting certificate he earned and his attendance at drug and alcohol classes and church while incarcerated, but he fails to explain why those facts are entitled to significant mitigating weight. The trial court is in the best position to judge whether activities undertaken while incarcerated have had a positive effect on a defendant or whether the defendant was simply "going through the motions" in an effort to receive a reduced sentence. Because Patterson does not suggest otherwise, we cannot say that the trial court abused its discretion in refusing to assign significant mitigating weight to Patterson's achievements while incarcerated.

### II. Appropriateness of Sentence

■ Patterson also argues that his sentence is inappropriate in light of the nature of his offense and his character.[7]

---

7. Actually, Patterson claims that his sentence is "manifestly unreasonable." Appellant's Br. p. 16. Before January 1, 2003, Indiana Appellate Rule 7(B) provided: "The Court shall not revise a sentence authorized by statute unless the sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender." Today, the same rule provides: "The Court may revise a sentence authorized by statute if, after due

consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." We remind Patterson that the change in language is not simply a matter of semantics. Rather, our Supreme Court has made clear that in changing the language of Indiana Appellate Rule 7(B), it "changed its thrust from a prohibition on revising sentences unless certain narrow

Indiana Rule of Appellate Procedure 7(B) states: "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." "Although appellate review of sentences must give due consideration to the trial court's sentence because of the special expertise of the trial bench in making sentencing decisions, Appellate Rule 7(B) is an authorization to revise sentences when certain broad conditions are satisfied." *Purvis v. State,* 829 N.E.2d 572, 587 (Ind.Ct. App.2005) (internal citations omitted), *trans. denied.* After due consideration of the trial court's decision, we cannot say that Patterson's sentence is inappropriate.

Regarding the nature of Patterson's offense, we already said above that even when serious bodily injury is an element of the crime charged, the severity of the injury may serve as a valid aggravating circumstance. *Lang,* 461 N.E.2d at 1113. Harford's injury certainly went beyond that required to constitute "serious bodily injury" under the robbery statute. Even if the maximum sentence is only appropriate in the worst cases of robbery resulting in serious bodily injury, this is such a case. The trial court described the crime this way:

> [T]he thing that really struck me in [this] case Mr. Patterson was the disrespect for the decedent's body. Um, not only was he killed uh, he was dragged down the street. He was, he was bruised, he was bloodied, he was scraped and then he was just stuffed in the back of the car like he was a, my daughter's gym bag or a backpack or all of her dirty clothes from volleyball. You know, it was just thrown in the back seat. Um, just like you would treat garbage.

Tr. p. 54.

As to Patterson's character, we concluded above that the trial court did not abuse its discretion in finding the risk that Patterson would commit another crime to be an aggravating circumstance, in light of his arrest record. Three months before his arrest in this cause, Patterson was charged with possession of cocaine as a Class D felony based on activities he undertook in the company of Damien Sanders, an experienced criminal. Nevertheless, even after having been subject to the police authority of the State, he was not deterred from criminal activity, *see Cotto,* 829 N.E.2d at 526, and he continued to associate with Sanders, the shooter in this case. Nothing about Patterson's character leads us to find that his sentence in this cause is inappropriate.[8]

## Conclusion

The trial court did not abuse its discretion in finding and weighing the relevant aggravating and mitigating circumstances. Furthermore, Patterson's sentence is not inappropriate in light of the nature of his offense and his character.

Affirmed.

ROBB, J., and MATHIAS, J., concur.

---

conditions were met to an authorization to revise sentences when certain broad conditions are satisfied." *Neale v. State,* 826 N.E.2d 635, 639 (Ind.2005).

8. Because of our ruling on this issue, we need not decide whether Patterson waived his ability to argue that his fifty-year sentence is inappropriate by agreeing to sentencing range of forty-five to fifty years.