**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
Sep 29 2014, 9:53 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**ERIC K. KOSELKE**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| LARRY WARREN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1402-CR-89 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Anne M. Flannelly, Judge Pro Tempore
Cause No. 49F25-1001-FA-1153

**September 29, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BROWN, Judge**

Larry Warren appeals his sentence for three counts of child molesting as class A felonies and two counts of child solicitation as class D felonies. Warren raises two issues which we revise and restate as:

I.     Whether the trial court abused its discretion in sentencing him; and

II.    Whether his sentence is inappropriate in light of the nature of the offense and the character of the offender.

We affirm.

## FACTS AND PROCEDURAL HISTORY

The relevant facts as discussed in Warren's appeal from his initial sentence follow:

In approximately 1998, Warren met and became business partners with D.R., the mother of two minor daughters, J.R. and H.R. J.R. was nine years old when she met Warren, who was then approximately thirty-three years old. Soon Warren and D.R. began dating, and Warren began spending more time at D.R.'s house. Warren became a companion to J.R., driving her to skating lessons, taking her to movies, and taking her out to eat. At some point while J.R. was still nine years old, Warren began engaging in frequent sexual activity with her. For the first few years, the sexual activity included activities like oral sex but excluded intercourse. Then, when J.R. was thirteen years old, she and Warren began engaging in intercourse. Warren would often videotape sexual encounters with J.R., and he took inappropriate photographs of her. When J.R. was approximately fourteen and a half years old, Warren moved out of state for work.

When J.R. was eighteen or nineteen years old, she began a relationship with Warren, and he paid her rent on an apartment for one year. When Warren informed J.R. that he would not be renewing her lease, J.R. contacted police to report the incidents of child molesting Warren had committed during her childhood. J.R. had recovered a videotape recording depicting Warren and then-fourteen-year-old J.R. engaging in sexual activity, and she turned that videotape over to the police. J.R. also gave police inappropriate photographs Warren had taken of her when she was a minor.

2

<u>Warren v. State</u>, No. 49A04-1301-CR-25, slip op. at 2-3 (Ind. Ct. App. October 8, 2013).

The State charged Warren with five counts of child molesting as class A felonies and five counts of sexual misconduct with a minor as class B felonies. The trial court subsequently dismissed the sexual misconduct counts because the statute of limitations had run, and the State moved to amend the information to add two counts of child solicitation as class D felonies. <u>Id.</u> at 3. The court granted the State's motion to amend. <u>Id.</u> A jury found Warren guilty of three counts of child molesting as class A felonies, and the two child solicitation counts, but acquitted Warren on two of the child molesting counts. <u>Id.</u>

The court sentenced Warren to forty years for each child molesting conviction and three years for each child solicitation conviction. <u>Id.</u> The court ordered that the sentences run concurrently, except that one of the sentences for child molesting would run consecutive to the others, for an aggregate term of eighty years. <u>Id.</u>

Warren appealed and argued that the trial court sentenced him in violation of his rights under <u>Blakely v. Washington</u>, 542 U.S. 296 (2004). <u>Id.</u> at 3. On appeal, we observed that Warren committed the offenses prior to the amendments to Indiana's sentencing scheme in April 2005; therefore, he was entitled to be sentenced under the former presumptive sentencing scheme to which <u>Blakely</u> applied. <u>Id.</u> at 3-4. We held that Warren's testimony was sufficient to establish that he was in a position of trust with J.R. and that this aggravator did not violate <u>Blakely</u>. <u>Id.</u> at 5. We also held that two of the trial court's other aggravators violated <u>Blakely</u>. <u>Id.</u> at 6. We remanded with instructions to afford the State an election to prove to a jury those aggravating

3

circumstances initially presented to, and found by, the trial court.  Id.  We also held that should the State forgo this election, the trial court should reconsider the appropriate sentence based on the violation of a position of trust aggravator.  Id.

On remand, the trial court held a hearing on January 16, 2014.  The prosecutor indicated that the State would not have a jury trial to present evidence regarding the aggravators and that it would go forward on the aggravator of position of trust.  Warren testified regarding his accomplishments since being incarcerated and that he had no conduct reports during that time.  Specifically, he completed a ten-week course titled "Criminal Thinking" and an anger management course, participated in Bible studies and a veterans' group therapy course, almost completed an addiction course, was employed by PEN Products, was enrolled in an apprenticeship program, served as an executive officer with the American Legion, attended church every Saturday, and played softball and assisted in coaching.  Defendant's Exhibit 1.  He also testified that he served in the United States Army from 1984 to 1987 with the 82nd Airborne, that he began as an E1 private and left as an E5 sergeant, and then completed three years with the Virginia National Guard.  He testified that he had been diagnosed with post-traumatic stress disorder ("PTSD") in 1987 and was still being treated for PTSD.

Warren stated:

I have allowed myself to be put in situations that I should not have.  And I've had to live with that every day.  And I do apologize for my actions.  I apologize for putting the Courts through this as well as the prosecutors, as well as my family and my attorneys.  I just ask, Your Honor, to please have mercy on me.  I deeply regret what I've done.  And these things will never . . . I will never allow these things to happen or be put in that position ever again, Your Honor.  And I just would like to have mercy and ask mercy

4

from the Courts and so that I can . . . so I can go home and be with my family and take care of my father, Your Honor. And be with my mom.

January 16, 2014 Transcript at 11.

The court found Warren's lack of a prior criminal record as a mitigator. The court stated: "with respect to the proposed mitigator that you're likely to respond well to short term imprisonment and your low risk to re-offend, the Court finds there is insufficient evidence to justify that mitigator and rejects that mitigator looking at the nature and circumstances of the offense and convictions." Id. at 18. The court rejected Warren's proposed mitigator of his PTSD. The court also rejected Warren's proposed mitigator that he was molested as a child and stated: "If you were molested as a child, if that's true, then you understand the pain and the trauma that has resulted by being a victim of molest." Id. The court rejected Warren's proposed mitigator that he was on GPS monitoring for two years and did not re-offend. The court found the position of trust Warren had with J.R. as an aggravator and that the aggravator outweighed the mitigator. The court sentenced Warren to thirty-five years for each of his convictions for child molesting as class A felonies. The court sentenced Warren to three years for each of the convictions of child solicitation as class D felonies. The court ordered one of the counts of child molesting to be served consecutive to one of the other counts of child molesting and ordered that the remaining sentences be served concurrent with each other. Thus, the court sentenced Warren to an aggregate sentence of seventy years.

5

DISCUSSION

I.

The first issue is whether the trial court abused its discretion in sentencing Warren. Under the pre-April 25, 2005 sentencing statutes, sentencing decisions rest within the discretion of the trial court and are reviewed on appeal only for an abuse of discretion. Smallwood v. State, 773 N.E.2d 259, 263 (Ind. 2002). An abuse of discretion occurs if "the decision is clearly against the logic and effect of the facts and circumstances" before the court. Pierce v. State, 705 N.E.2d 173, 175 (Ind. 1998). In order for a trial court to impose an enhanced sentence, it must: (1) identify the significant aggravating factors and mitigating factors; (2) relate the specific facts and reasons that the court found to those aggravators and mitigators; and (3) demonstrate that the court has balanced the aggravators with the mitigators. Veal v. State, 784 N.E.2d 490, 494 (Ind. 2003).

Warren argues that the trial court failed to identify his military service as a mitigator. He alleges that his military career was exemplary and lengthy. He also points out that he developed PTSD while he was serving and that he was still being treated for his PTSD at the time of resentencing. He further asserts that his "prison conduct adjustment" should have been considered as a mitigating circumstance. Appellant's Brief at 6. With respect to his prison adjustment, Warren argues that he served eleven months in the Department of Correction, had no write-ups, completed a ten-week anger management program, a criminal thinking course, and had almost completed a twelve-week addiction course. He contends that he enrolled in a veterans' group therapy course, held a job as a sewing machine operator, served as an executive officer with the

American Legion, attended church regularly, participated in a play, and coached softball while incarcerated. Lastly, he argues that his low risk to re-offend and likelihood to respond to short term imprisonment constituted mitigating circumstances.

The State argues that Warren did not specifically advance his military service as a mitigating circumstance and waived this argument. The State also argues that, even if Warren did not waive his argument, the alleged mitigating circumstance did not constitute a substantial mitigating factor. It contends that Warren did not present any documentation regarding his military service or PTSD and that he did not provide evidence of any nexus between his alleged PTSD and molesting J.R. It asserts that "molesting a nine-year-old girl and continuing to molest her as she grew up is certainly something that is not encompassed within the honor and integrity of military service." Appellee's Brief at 10. It argues that Warren's positive prison adjustment is to be commended but shows only his behavior when confronted with a tightly disciplined environment. The State also contends that the court did not abuse its discretion in failing to find that Warren had a low risk to re-offend given that he committed multiple acts of sexual abuse against J.R. over many years.

"The finding of mitigating factors is not mandatory and rests within the discretion of the trial court." Ellis v. State, 736 N.E.2d 731, 736 (Ind. 2000). The trial court is not obligated to accept the defendant's arguments as to what constitutes a mitigating factor. Gross v. State, 769 N.E.2d 1136, 1140 (Ind. 2002). "Nor is the court required to give the same weight to proffered mitigating factors as the defendant does." Id. Further, the trial court is not obligated to explain why it did not find a factor to be significantly mitigating.

7

Sherwood v. State, 749 N.E.2d 36, 38 (Ind. 2001). However, the trial court may "not ignore facts in the record that would mitigate an offense, and a failure to find mitigating circumstances that are clearly supported by the record may imply that the trial court failed to properly consider them." Id. An allegation that the trial court failed to identify or find a mitigating factor requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record. Carter v. State, 711 N.E.2d 835, 838 (Ind. 1999).

With respect to Warren's military service, Warren's trial counsel did not argue that his military service constituted a mitigator. "If the defendant does not advance a factor to be mitigating at sentencing, this Court will presume that the factor is not significant and the defendant is precluded from advancing it as a mitigating circumstance for the first time on appeal." Henley v. State, 881 N.E.2d 639, 651 (Ind. 2008) (quoting Spears v. State, 735 N.E.2d 1161, 1167 (Ind. 2000), reh'g denied). Waiver notwithstanding, we observe that service to our country is a commendable act, but military service is not necessarily a mitigating circumstance. See Harman v. State, 4 N.E.3d 209, 218 (Ind. Ct. App. 2014), trans. denied. Warren does not point to any documentation related to his military service and points only to his testimony at the sentencing hearing. We cannot say that Warren established that the mitigating evidence was both significant and clearly supported by the record. See id. (observing that the State pointed out during the sentencing hearing that the defendant's actions were the actions "of a monster and not of a Marine," and holding that the trial court did not abuse its

discretion by not finding the defendant's military service to be a mitigating circumstance).

As to Warren's PTSD, we observe that the Indiana Supreme Court has stated that there is a need "for a high level of discernment when assessing a claim that mental illness warrants mitigating weight." Covington v. State, 842 N.E.2d 345, 349 (Ind. 2006). Factors to consider in weighing the mitigating force of a mental health issue include the extent of the inability to control behavior, the overall limit on function, the duration of the illness, and the nexus between the illness and the crime. Id. Warren claimed to have been suffering from PTSD, but failed to provide the trial court with any expert testimony, medical records, or other evidence regarding this condition, its extent, any limits on his function, or how it relates to the crime. We cannot say that the trial court abused its discretion in not considering Warren's PTSD as a mitigating circumstance.

As for Warren's conduct in prison, while Warren asserts that the trial court made no mention of any evidence of his good prison adjustment when pronouncing the sentence, we observe that the court stated: "And with respect to the classes and the programs that you've completed in the Indiana Department of Correction, you will receive credit as appropriate through the Department of Correction for any education or skills programs that you complete that comply with the statute for credit time." January 16, 2014 Transcript at 19-20. The trial court is in the best position to judge whether activities undertaken while incarcerated have had a positive effect on a defendant. Patterson v. State, 846 N.E.2d 723, 730 (Ind. Ct. App. 2006). We cannot say that the court abused its discretion with respect to this alleged mitigator. See id. (rejecting the

9

defendant's argument that the trial court abused its discretion in refusing to assign significant mitigating weight to the defendant's achievements while incarcerated where the defendant pointed to a parenting certificate and attendance at drug and alcohol classes and church while incarcerated, but he failed to explain why those facts were entitled to significant mitigating weight or suggest that he was not simply going through the motions in an effort to receive a reduced sentence).

To the extent that Warren alleges that the court failed to identify that he was a low risk to re-offend and was likely to respond to short term imprisonment as mitigating circumstances, the court stated: "with respect to the proposed mitigator that you're likely to respond well to short term imprisonment and your low risk to re-offend, the Court finds there is insufficient evidence to justify that mitigator and rejects that mitigator looking at the nature and circumstances of the offense and convictions." January 16, 2014 Transcript at 18. We cannot say that the court abused its discretion. See Harlan v. State, 971 N.E.2d 163, 171 (Ind. Ct. App. 2012) (rejecting the defendant's claim that the trial court should have found that he was unlikely to commit another crime and observing, in part, that the defendant molested the victim repeatedly over a span of years despite having ample opportunity to end his abusive behavior).

II.

The next issue is whether Warren's sentence is inappropriate in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B) provides that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the

10

offense and the character of the offender." Under this rule, the burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006).

Warren points to his lack of criminal history, his military service, his conduct in prison, the fact that he had been a victim of molestation, and the fact that he is in poor health. He requests that this court revise the executed portion of his sentence to an aggregate sentence of thirty years. The State argues that the nature of the offense in this case is heinous and that Warren "effectively groomed and bribed his young victim into providing him with sex and not telling about it by taking her places she wanted to go and buying her things that she wanted." Appellee's Brief at 15. With respect to Warren's character, the State argues that Warren has not led a law-abiding life, experimented with and used illegal substances, and did not have remorse for his sexual acts against J.R.

Our review of the nature of the offense reveals that Warren began dating D.R., became a companion to D.R.'s daughter, J.R., was in a position of trust with J.R., and began engaging in frequent sexual activity with J.R. when she was nine years old. For the first few years, the sexual activity included oral sex but excluded intercourse. When J.R. was thirteen years old, she and Warren began engaging in intercourse. Warren would often videotape sexual encounters with J.R., and he took inappropriate photographs of her.

Our review of the character of the offender reveals that Warren has no other criminal history. According to the presentence investigation report ("PSI"), Warren stated that he tried marijuana when he was seventeen or eighteen years old, last used it in

1983, and used it a total of two times. He stated that he first tried cocaine when he was between thirty and thirty-five years old and last used it in 2005. On the form titled "Defendant's Version of the Instant Offense," Warren wrote: "I apologize for any inconveinance's [sic] that I may have caused all involved." PSI at 15. In 1993, the State charged Warren with battery resulting in bodily injury as a class A misdemeanor, but the charge was dismissed, and the PSI states "Essential Civilian Witness Not Present." Id. at 4.

We observe that the trial court enhanced Warren's sentences on the class A felonies by five years above the presumptive sentence of thirty years and ordered only two of the three sentences on the class A felonies to be served consecutively. The court also ordered that the sentences for the two class D felonies be served concurrently. After due consideration of the trial court's decision and in light of the position of trust Warren held with J.R., we conclude that the sentence imposed by the trial court is not inappropriate in light of the nature of the offense and the character of the offender.

## CONCLUSION

For the foregoing reasons, we affirm Warren's sentence.

Affirmed.

BARNES, J., and BRADFORD, J., concur.

12