## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Mar 29 2019, 7:02 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

A. David Hutson
Hutson Legal
Jeffersonville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Marjorie Lawyer-Smith
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Justin Thomas Bower, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | March 29, 2019 <br><br> Court of Appeals Case No. 18A-CR-2283 <br><br> Appeal from the Clark Circuit Court <br><br> The Honorable Vicki Carmichael, Judge <br><br> Trial Court Cause No. 10C04-1709-F1-5 |

**Pyle, Judge.**

# Statement of the Case

Justin Bower ("Bower") appeals the twenty-five year aggregate sentence imposed after he pleaded guilty to Level 2 felony attempted robbery resulting in serious bodily injury[1] and Level 6 felony obstruction of justice.[2] He argues that the trial court abused its discretion in sentencing him and that his sentence is inappropriate in light of his character and the nature of his offenses. Concluding that the trial court did not abuse its discretion and that the sentence is not inappropriate, we affirm Bower's sentence.

We affirm.

# Issues

1.  Whether the trial court abused its discretion in sentencing Bower.

2.  Whether Bower's sentence is inappropriate in light of the nature of his offense and his character.

# Facts

In September 2017, Bower went to Jack Blanton's ("Blanton") house intending to steal pills, cash, and a gun. Bower knocked on Blanton's front door and told Blanton that he was interested in purchasing an engine lift. Blanton invited

---

[1] IND. CODE §§ 35-42-5-1 and 35-41-5-1.

[2] IND. CODE § 35-44.1-2-2.

Bower into his home and made a phone call about the lift. Bower pulled a knife out of his pocket and stabbed Blanton in the back, neck, and shoulder between eight and fifteen times. Bower then ran out of Blanton's house with the knife, got into his vehicle, and left the knife along the side of the road. As a result of the stabbing, Blanton was hospitalized for several months with extensive injuries.

[4] The State charged Bower with: (1) Level 1 felony attempted murder, (2) Level 2 felony attempted robbery resulting in serious bodily injury, (3) Level 2 felony conspiracy to commit robbery resulting in serious bodily injury, and (4) Level 6 felony obstruction of justice. In August 2018, pursuant to the terms of a plea agreement, Bower pleaded guilty to attempted robbery and obstruction of justice in exchange for the dismissal of the remaining charges. The agreement left sentencing to the trial court's discretion with the limitations that the aggregate sentence was capped at thirty (30) years, the executed sentence was capped at seventeen and one-half (17.5) years, and the sentences would run concurrent with each other.

[5] The trial court held a sentencing hearing in September 2018. Blanton testified that Bower had stabbed him in the back, shoulders, and neck. According to Blanton, he had lost fifteen to eighteen units of blood and had "none of [his] own blood." (Tr. 28). Blanton further testified that he had spent "several months" in the hospital and was "still going through treatments." (Tr. 27). According to Blanton, he suffers from brain damage and significant memory loss because of the blood loss. In addition, Blanton testified that he had sold his

house because he did not "want to be around there no more." (Tr. 28).  He moved one hundred miles away to be near his sister but had to leave his friends.

The Presentence Investigation Report revealed that Bower had two prior misdemeanor convictions for theft and failing to possess a driver's license.  In addition, Bower's blind fiancé testified that Bower was her primary caregiver.

The trial court found as aggravating circumstances Bower's prior criminal history as well as the serious nature of Blanton's injuries that was "greater than the serious bodily injury required under the Level 2 felony[.]" (Tr. 31).  The trial court further found as a mitigating factor the loss that Bower's dependents and fiancé would suffer based upon the long term of incarceration.  The trial court sentenced Bower to:  (1) twenty-five (25) years for the Level 2 felony, with seventeen and one-half (17.5) years executed and seven and one-half years (7.5) suspended and (2) two and one-half (2.5) years for the Level 6 felony.  The trial court further ordered the sentences to run concurrent with each other.

Bower now appeals his sentence.

# Decision

Bower argues that:  (1) the trial court abused its discretion in determining the aggravating factors used to sentence him; and (2) his sentence is inappropriate in light of his character and the nature of his offenses.  We address each of his arguments in turn.

## 1.  Abuse of Discretion in Sentencing

Bower contends that the trial court abused its discretion in sentencing him. Sentencing decisions rest within the sound discretion of the trial court. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007). So long as the sentence is within the statutory range, it is subject to review only for an abuse of discretion. *Id.* An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.* at 491. A trial court may abuse its discretion in a number of ways, including: (1) failing to enter a sentencing statement at all; (2) entering a sentencing statement that includes aggravating and mitigating factors that are unsupported by the record; (3) entering a sentencing statement that omits reasons that are clearly supported by the record; or (4) entering a sentencing statement that includes reasons that are improper as a matter of law. *Id.* at 490-91.

Here, Bower contends that the trial court abused its discretion by including improper aggravating factors that were unsupported by the record. Our review of the evidence reveals otherwise.

The trial court's first aggravating factor took note of the serious nature of Blanton's injuries. Bower argues that the trial court abused its discretion when it determined that the serious nature of Blanton's injury was "greater than the serious bodily injury required under the Level 2 felony[.]" (Tr. 31). *See* IND. CODE § 35-42-5-1. However, "[e]ven when serious bodily injury is an element of the crime charged, the severity of the injury may serve as a valid aggravating circumstance." *Patterson v. State*, 846 N.E.2d 723, 731 (Ind. Ct. App. 2006)

(relying on *Lang v. State,* 461 N.E.2d 1110 (Ind. 1984) and finding it was not an abuse of discretion to use the serious nature of the victim's injury as an aggravating circumstance to enhance the sentence). This is no different than the trial court considering the particularized circumstances of the factual elements as aggravating factors when evaluating the nature of the offense. *See McElroy v. State*, 865 N.E.2d 584, 589-90 (Ind. 2007) (explaining that when evaluating the nature of the offense, the trial court may properly consider the particularized circumstances of the factual elements as aggravating factors). *See also* IND. CODE § 35-38-1-7.1 ("In determining what sentence to impose for a crime, the court may consider the following aggravating circumstances . . . the harm, injury, loss, or damage suffered by the victim of an offense was . . . significant; and . . . greater than the elements necessary to prove the commission of the offense."). Here, our review of the record reveals that Bower stabbed Blanton eight to fifteen times, Blanton lost copious amounts of blood, Blanton was hospitalized for several months, and Blanton suffers from brain damage and significant memory loss because of the blood loss. As a result, the trial court did not abuse its discretion by considering these facts as aggravating factors in support of its sentence.

[13] The second challenged aggravating factor is Bower's criminal history. Bower specifically argues that his two misdemeanor convictions are too "insignificant" to constitute an aggravating factor. (Bower's Br. at 12). However, INDIANA CODE § 35-38-1-7.1(a) provides that "[i]n determining what sentence to impose for a crime, the court may consider the following aggravating circumstances: . .

. (2) The person has a history of criminal or delinquent behavior." At sentencing, the significance of a criminal history varies based on the gravity, nature and number of prior offenses as they relate to the current offense. *McElfresh v. State*, 51 N.E.3d 103, 112 (Ind. 2016). Thus, the weight of criminal history may vary, but consideration of it is not an abuse of discretion. *Id.* The trial court did not abuse its discretion in considering Bower's criminal history to be an aggravating factor.

## 2. Inappropriate Sentence

Bower also argues that his sentence is inappropriate. Indiana Appellate Rule 7(B) provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offense and the character of the offender. The defendant bears the burden of persuading this Court that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). Whether we regard a sentence as inappropriate turns on the "culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008).

The Indiana Supreme Court has further explained that "[s]entencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." *Id.* at 1222. "Such deference should prevail unless overcome by compelling evidence portraying in a positive light the

nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015).

[16] When determining whether a sentence is inappropriate, the advisory sentence is the starting point the legislature has selected as an appropriate sentence for the crime committed. *Childress*, 848 N.E.2d at 1081. The sentencing range for a Level 2 felony is ten (10) to thirty (30) years, and the advisory sentence is seventeen and one-half (17.5) years. IND. CODE § 35-50-2-4.5. The sentencing range for a Level 6 felony is between six (6) months and two and one-half (2.5) years, and the advisory sentence is one (1) year. IND. CODE § 35-50-2-7. Here, Bower was sentenced to twenty-five years for the Level 2 felony, with seventeen and one-half years executed and seven and one-half years suspended, and to two and one-half years for the Level 6 felony. The trial court further ordered the sentences to run concurrently to each other.

[17] Regarding Bower's character, we note that this was not Bower's first contact with the criminal justice system. Bower has prior misdemeanor convictions for theft and failing to be in possession of a driver's license. Even a minor criminal history is a poor reflection of a defendant's character. *Moss v. State*, 13 N.E.3d 440, 448 (Ind Ct. App. 2014), *trans. denied*.

[18] Regarding the nature of the offense, we note that after having been invited into Blanton's home, Bower stabbed Blanton in the back, neck, and shoulder

between eight and fifteen times. The attack was unprovoked, and Blanton had no opportunity to defend himself. As a result of the stabbing, Blanton was hospitalized for several months with extensive injuries. Specifically, Blanton lost copious amounts of blood from his body and he suffers from brain damage and has significant memory loss due to the blood loss. In addition, Blanton sold his house because he no longer felt comfortable living there following the attack.

[19] Bower has failed to meet his burden to persuade this Court that his aggregate twenty-five year sentence, which includes an executed sentence of seventeen and one-half years, is inappropriate.

[20] Affirmed.

Najam, J., and Altice, J., concur.