## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 22 2020, 11:04 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jennifer L. Koethe
Navarre, Florida

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Megan M. Smith
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Chris A. Brodien,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

July 22, 2020

Court of Appeals Case No.
20A-CR-110

Appeal from the LaPorte Superior Court

The Honorable Michael S. Bergerson, Judge

Trial Court Cause No.
46D01-1901-F5-30

**Bradford, Chief Judge.**

# Case Summary

[1] Chris Brodien was convicted of Level 5 felony battery and Class A misdemeanor battery following an altercation with his then-girlfriend and his then-girlfriend's daughter. Brodien challenges his aggregate seven-year sentence on appeal, arguing both that the trial court abused its discretion in sentencing him and that his sentence is inappropriate. We affirm.

# Facts and Procedural History

[2] In December of 2018, Brodien was living with his then-girlfriend, Theresa Bowen, and her adult daughter, Tiffany. On December 13, 2018, Brodien and Bowen went to dinner where Brodien drank several beers. While on their way home, Bowen noticed her purse was not on the floorboard where she usually kept it and questioned Brodien about its whereabouts. Brodien denied knowing the whereabouts of Bowen's purse. Bowen continued to press the issue for the few minutes it took to drive back to her house.

[3] After arriving at her home, Bowen located her purse in the backseat. Immediately thereafter, Brodien grabbed her by the shoulders and started slamming her head into the car. Brodien yelled that Bowen was being too loud when she asked about her purse. After he stopped slamming Bowen's head into the car, Brodien screamed at Bowen, called her names, slapped her, and slammed her to the ground. While Bowen was on the ground, Brodien grabbed a board and smashed the windshield of Tiffany's car.

[4]     Tiffany called 911 after she heard the commotion and looked outside to see Brodien standing over Bowen. When Brodien realized that Tiffany had called 911, he attacked her by grabbing her throat and pulling her out of the house by her hair. Brodien again knocked Bowen to the ground when she attempted to assist Tiffany. Brodien grabbed Tiffany's arm, pulled it backwards, and hit her in the face. Brodien eventually fled on foot into a nearby cornfield.

[5]     When officers arrived, Bowen was walking around outside, dazed, covered in dirt, and her clothes were disheveled. Bowen had marks on her arms and her face was red. Tiffany was very upset and crying. She was also covered in dirt and had marks on her face and hands. As a result of the altercation, Bowen and Tiffany both suffered pain, swelling, bruising, and abrasions. After the altercation, Brodien threatened to kill Bowen and burn down her house.

[6]     On January 7, 2019, the State charged Brodien with Level 5 felony battery with a prior conviction against the same victim. On January 18, 2019, the trial court issued a no-contact order. Despite this order, Brodien repeatedly contacted Bowen from jail, sending her between thirty and forty letters and calling her. The State subsequently amended the charging information to add a charge of Class A misdemeanor battery. Following trial, the jury found Brodien guilty of the underlying Class B misdemeanor battery charge in Count I and the Class A misdemeanor battery charge in Count II. Brodien then admitted that he had a prior battery conviction against the same victim, elevating the Class B misdemeanor conviction to a Level 5 felony conviction. On December 12, 2019, the trial court sentenced Brodien to six years for the Level 5 felony battery

conviction and one year for the Class A misdemeanor battery conviction, and ordered that the sentences be served consecutively.

# Discussion and Decision

Brodien challenges his aggregate seven-year sentence on appeal, arguing both that the trial court abused its discretion in sentencing him and that his sentence is inappropriate.

# I. Abuse of Discretion

Sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *modified on other grounds on reh'g*, 875 N.E.2d 218 (Ind. 2007). "An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Id.* (quotation omitted).

> We review for an abuse of discretion the court's finding of aggravators and mitigators to justify a sentence, but we cannot review the relative weight assigned to those factors. *Anglemyer*, 868 N.E.2d at 490–91. When reviewing the aggravating and mitigating circumstances identified by the trial court in its sentencing statement, we will remand only if "the record does not support the reasons, or the sentencing statement omits reasons that are clearly supported by the record, and advanced for consideration, or the reasons given are improper as a matter of law." *Id.*

*Baumholser v. State*, 62 N.E.3d 411, 416 (Ind. Ct. App. 2016). A single aggravating circumstance may be sufficient to enhance a sentence. *Id.* at 417.

In sentencing Brodien, the trial court found Brodien's prior criminal history to be an aggravating factor. In challenging his sentence, Brodien claims that the trial court abused its discretion by failing to find the following to be mitigating factors: (1) he stipulated to the prior conviction at issue in the charging enhancement, saving the State the time and effort to prove it; (2) his remorse; and (3) his history of alcohol abuse.

## A. Mitigating Factors

Although a sentencing court must consider all evidence of mitigating factors offered by a defendant, the finding of mitigating factors rests within the court's discretion. *Henderson v. State*, 769 N.E.2d 172, 179 (Ind. 2002). A trial court is neither required to find the presence of mitigating factors, *Fugate v. State*, 608 N.E.2d 1370, 1374 (Ind. 1993), nor obligated to explain why it did not find a factor to be significantly mitigating. *Sherwood v. State*, 749 N.E.2d 36, 38 (Ind. 2001). "A court does not err in failing to find mitigation when a mitigation claim is highly disputable in nature, weight, or significance." *Henderson*, 769 N.E.2d at 179 (internal quotations omitted).

While Indiana law "mandates that the trial judge not ignore facts in the record that would mitigate an offense, and a failure to find mitigating circumstances that are clearly supported by the record may imply that the trial court failed to properly consider them," *Sherwood*, 749 N.E.2d at 38, an allegation that the trial

court failed to find a mitigating factor requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record. *Carter v. State*, 711 N.E.2d 835, 838 (Ind. 1999). Furthermore, "the trial court is not required to weigh or credit the mitigating evidence the way appellant suggests it should be credited or weighed." *Fugate*, 608 N.E.2d at 1374.

### 1. Stipulation to Prior Conviction

Brodien asserts that the trial court abused its discretion by failing to find his stipulation to the prior conviction at issue in the charging enhancement, which he argues should be treated the same as a guilty plea, to be a significant mitigating factor. "[T]he significance of a guilty plea as a mitigating factor varies from case to case." *Anglemyer*, 875 N.E.2d at 221. For example, "[a] guilty plea saves significant court resources, and where the State reaps such substantial benefits from the defendant's act of pleading guilty, the defendant deserves to have a substantial benefit returned." *Patterson v. State*, 846 N.E.2d 723, 729 (Ind. Ct. App. 2006).

Brodien argues that the trial court should have found his stipulation to be a mitigating factor because he "save[d] the State additional time at trial." Appellant's Br. p. 12. The trial court acknowledged Brodien's stipulation, stating, "That was about a 15 or 20 minute exercise that the State would of had to accomplish. I do appreciate that and it uh, to a certain degree a minimum mitigator." Tr. Vol. III pp. 80–81. In stipulating to his prior conviction, Brodien neither saved the State significant resources nor his victims the stress of testifying at trial. Brodien merely saved the State a few minutes during which it

would have provided documentary proof of Brodien's prior conviction to the trial court. The trial court did not abuse its discretion in failing to find Brodien's stipulation to be a significant mitigating factor.

### *2. Remorse*

Brodien also asserts that the trial court abused its discretion in failing to find his remorse to be a mitigating factor. "Remorse may properly be considered as a mitigating factor." *Singer v. State*, 674 N.E.2d 11, 17 (Ind. Ct. App. 1996). "However, the Indiana Supreme Court has held that a trial court's determination of a defendant's remorse is similar to a determination of credibility." *Stout v. State*, 834 N.E.2d 707, 711 (Ind. Ct. App. 2005) (citing *Pickens v. State*, 767 N.E.2d 530, 535 (Ind. 2002)). "As such, without evidence of some impermissible consideration by the trial court, a reviewing court will accept its determination as to remorse." *Id.* "The trial court, which has the ability to directly observe the defendant and listen to the tenor of his or her voice, is in the best position to determine whether the remorse is genuine." *Corralez v. State*, 815 N.E.2d 1023, 1025 (Ind. Ct. App. 2004).

In claiming that the trial court abused its discretion by failing to consider his remorse for his actions, Brodien pointed to pre-trial attempts to communicate with Bowen from jail and his statement to the trial court during the sentencing hearing. As for the pre-trial alleged expression of remorse, Brodien testified that he wrote letters to and called Bowen from the jail "apologizing and trying to get back together." Tr. Vol. II p. 219. However, despite allegedly apologizing to Bowen, Brodien blamed Tiffany for the incident in a statement

made prior to sentencing: "I tried to calm [Bowen] but Tiffany cause the problem [illegible word] to get more that what it should have been. Tiffany cause the problem." Appellant's App. Vol. III p. 43. In his statement to the trial court during the sentencing hearing, Brodien stated

> I just know one thing that the way things, everything happened when Tiffany came up, you know, what I mean. I, I, you know, that we was all drinkin'. Tiffany was between drinking and pills I don't know what was going on, you know, when this happened. I, I know one thing, I sure didn't want it to turn out like this, because I loved the woman and I wanted to be with the woman for the rest of my life. I love her. I wanted to take care of her. As I've been around here, and I, and I still pray for her everyday. Since I've been locked up I've been thinkin' everyday about this, I really have. And I care about her and I still love her so much. I'm, you know, I'm sorry that, you know, it come down to, you know, this happening at all period. I would of, if I could -- I loved the woman. I wanted to spend the rest of my life with her. And I thought she wanted to too. I really did. I thought, I don't know.

Tr. Vol. III p. 83. While Brodien's statement could potentially be considered as an expression of remorse, it also suggests that Brodien has yet to accept responsibility for his actions as he continued to blame Tiffany for the altercation.

[16] The trial court, being in the best position to judge Brodien's credibility as to his stated remorse, *Corralez*, 815 N.E.2d at 1025, was not required to assign the same weight and significance to Brodien's claimed remorse as Brodien. *See*

*Fugate*, 608 N.E.2d at 1374. The trial court did not abuse its discretion in failing to find Brodien's claimed remorse to be a significant mitigating factor.

### 3. History of Alcohol Abuse

[17] Brodien asserts that the trial court also abused its discretion by failing to find his history of alcohol abuse to be a mitigating factor.

> While we have recognized that a history of substance abuse may be a mitigating circumstance, *Field v. State*, 843 N.E.2d 1008, 1012 (Ind. Ct. App. 2006), *trans. denied*, we have held that when a defendant is aware of a substance abuse problem but has not taken appropriate steps to treat it, the trial court does not abuse its discretion by rejecting the addiction as a mitigating circumstance. *Bryant v. State*, 802 N.E.2d 486, 501 (Ind. Ct. App. 2004), *trans. denied*.

*Hape v. State*, 903 N.E.2d 977, 1002 (Ind. Ct. App. 2009).

[18] The record reveals that Brodien was aware of his alcohol-related issues but had failed to take the steps necessary to address his issues. Brodien suggests that his consumption of alcohol contributed to his criminal behavior, admitting that the very day that he was released from alcohol monitoring, he consumed alcohol, drove while he was admittedly "probably over the limit," and battered his then-girlfriend and his then-girlfriend's daughter. Tr. Vol. II p. 203. Based on these facts, we conclude that the trial court did not abuse its discretion by failing to find Brodien's history of alcohol abuse to be a significant mitigating factor.

# II. Appropriateness of Sentence

[19] Indiana Appellate Rule 7(B) provides that "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." In analyzing such claims, we "concentrate less on comparing the facts of [the case at issue] to others, whether real or hypothetical, and more on focusing on the nature, extent, and depravity of the offense for which the defendant is being sentenced, and what it reveals about the defendant's character." *Paul v. State*, 888 N.E.2d 818, 825 (Ind. Ct. App. 2008) (internal quotation omitted). The defendant bears the burden of persuading us that his sentence is inappropriate. *Sanchez v. State*, 891 N.E.2d 174, 176 (Ind. Ct. App. 2008).

[20] The trial court sentenced Brodien to a term of six years for his Level 5 felony battery conviction and one year for his Class A misdemeanor conviction, for an aggregate seven-year sentence. A person who commits a Level 5 felony "shall be imprisoned for a fixed term of between one (1) and six (6) years, with the advisory sentence being three (3) years." Ind. Code § 35-50-2-6(b). "A person who commits a Class A misdemeanor shall be imprisoned for a fixed term of not more than one (1) year." Ind. Code § 35-50-3-2. Thus, in sentencing Brodien to an aggregate seven-year sentence, the trial court sentenced Brodien to the maximum sentence permitted by the statutes.

[21] In arguing that his aggregate seven-year sentence is inappropriate, Brodien asserts that "although [he] has a lengthy prior criminal history, he is not the worst of the worst." Appellant's Br. p. 14. Brodien points to the fact that Bowen was not injured during the altercation in an attempt to downplay the seriousness of his actions. However, we find the nature of Brodien's actions to be quite serious. During the altercation, Brodien grabbed Bowen and started slamming her head into the car. Brodien then yelled at Bowen "because [she] asked him too loudly, where [her] purse was." Tr. Vol. II pp. 110–11. Brodien continued screaming and calling Bowen names while slamming her head on the ground "really hard." Tr. Vol. II p. 111. When Tiffany, who is disabled, came to see if Bowen needed assistance, Brodien attempted to strangle Tiffany, grabbing her throat with one hand. With his other hand, Brodien grabbed Tiffany's hair and pulled her from the house.

[22] As for Brodien's character, "[w]hen considering the character of the offender, one relevant fact is the defendant's criminal history." *Johnson v. State*, 986 N.E.2d 852, 857 (Ind. Ct. App. 2013). "The significance of criminal history varies based on the gravity, nature, and number of prior offenses in relation to the current offense." *Id.* Further, allegations of prior criminal activity need not be reduced to conviction before they may be properly considered by a sentencing court. *Harlan v. State*, 971 N.E.2d 163, 170 (Ind. Ct. App. 2012).

[23] Brodien's criminal history spans thirty-two years and includes twenty-nine misdemeanor convictions and fourteen felony convictions. He has been arrested seventy-four times and has committed numerous probation violations.

Brodien acknowledges that at least five of his prior misdemeanor convictions involve batteries or violence, "including the prior Domestic Battery where [Bowen] was the victim." Appellant's Br. p. 14. In addition, Brodien's "overall risk assessment score puts [him] in the HIGH risk category to reoffend." Appellant's App. Vol. III p. 40. Given the serious nature of his offenses and evidence of poor character, Brodien has failed to convince us that his aggregate seven-year sentence is inappropriate. *See Sanchez*, 891 N.E.2d at 176 ("The defendant bears the burden of persuading us that his sentence is inappropriate.").

[24] The judgment of the trial court is affirmed.

Najam, J., and Mathias, J. concur.