Jeremy **GROSS,** Appellant–Defendant,

v.

**STATE** of Indiana, Appellee–Plaintiff.

No. 49S00–0009–CR–528.

Supreme Court of Indiana.

June 18, 2002.

---

Patricia Caress McMath, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

RUCKER, Justice.

Jeremy Gross was convicted of murder, felony murder, conspiracy to commit robbery, and robbery as a Class A felony. The trial court sentenced him to life in prison without parole for the murder conviction and to a term of years for the conspiracy and robbery convictions. No sentence was imposed for the felony murder conviction. In this direct appeal, Gross raises two issues for our review that we rephrase as: (1) did the trial court err in imposing sentence for robbery as a Class A felony; and (2) is his life sentence appropriate. We vacate Gross' conviction for robbery as a Class A felony and remand for resentencing to impose sentence for robbery as a Class B felony. Otherwise, we affirm the judgment of the trial court.

### Facts

In the early morning hours of August 26, 1998, J.J. Thompson was driving near a convenience store in Indianapolis when he saw a person later identified as Jeremy Gross raise his arm and fire a handgun at Christopher Beers, the store clerk. Thompson immediately drove away and called the police. In the meantime, after taking $650 in cash, disabling the store's telephone lines, and grabbing the video recorder that served the surveillance cameras, Gross and his confederate, Joshua Spears, fled the scene. When officers of the Marion County Sheriff's Department arrived, they found Beers' body outside the store near a payphone. He had died as a result of multiple gunshot wounds to the head, chest, and abdomen. Sheriff's deputies arrested Gross shortly thereafter. Gross gave a taped statement admitting that he entered the store to rob the cashier, and when the cashier refused to surrender the money, he shot him. Gross also admitted taking the security video recorder in order to conceal the crime.

The State charged Gross with murder, murder in the perpetration of a robbery, conspiracy to commit robbery, and robbery as a Class A felony.[1] In a separate request for a sentence of death, the State alleged as an aggravating circumstance that Gross committed the murder by intentionally killing Beers while committing a robbery. A jury convicted Gross as charged but after the penalty phase of trial recommended life without parole. The trial court accepted the jury's recommendation and sentenced Gross accordingly. The trial court also sentenced Gross to consecutive terms of thirty years for con-

spiracy to commit robbery and robbery as a Class A felony. No sentence was imposed on the felony murder conviction. This direct appeal followed.

### Discussion

#### I. Double Jeopardy

 Gross contends that his multiple convictions violate Indiana's constitutional prohibition against double jeopardy. Specifically, Gross contends that he cannot be convicted for both murder and robbery as a Class A felony because both crimes were enhanced by the same bodily injury. The State concedes this point. The Indiana Double Jeopardy Clause prohibits multiple convictions if there is "a reasonable possibility that the evidentiary facts used by the fact-finder to establish the essential elements of one offense may also have been used to establish the essential elements of a second challenged offense." *Richardson v. State*, 717 N.E.2d 32, 53 (Ind.1999). This formulation of what has come to be known as the *Richardson* actual evidence test has generated some amount of confusion. Indeed, this Court has previously determined that under *Richardson* "a robbery conviction cannot be elevated by the same serious bodily injury (death) that formed the basis of [a] murder conviction." *Chapman v. State*, 719 N.E.2d 1232, 1234 (Ind.1999).[2] However, as we have recently clarified: "under the *Richardson* actual evidence test, the Indiana Double Jeopardy Clause is not violated when the evidentiary facts establishing the essential elements of one offense also establish only one or even several, but not all, of the essential elements of a second offense."

---

**1.** Spears was charged and tried separately for the same offenses. *See Spears v. State*, 735 N.E.2d 1161 (Ind.2000), *reh'g denied.*

**2.** *Accord Francis v. State*, 758 N.E.2d 528, 533 (Ind.2001); *Burnett v. State*, 736 N.E.2d 259,

263 (Ind.2000); *Grace v. State*, 731 N.E.2d 442, 446 (Ind.2000), *reh'g denied; Logan v. State*, 729 N.E.2d 125, 136 (Ind.2000); *Hampton v. State*, 719 N.E.2d 803, 809 (Ind. 1999).

*Spivey v. State,* 761 N.E.2d 831, 833 (Ind. 2002).

To convict Gross of murder, the State was required to prove that he knowingly or intentionally killed another human being. Ind.Code § 35–42–1–1. As charged, in order to convict Gross of robbery as a Class A felony, the State was required to prove that he: (1) knowingly or intentionally (2) took property from another person or from the presence of another person (3) by using or threatening the use of force on any person (4) that resulted in serious bodily injury. I.C. § 35–42–5–1.

The facts establishing the essential elements of murder may have also established some of the essential elements of robbery as a Class A felony, namely: serious bodily injury—death—of the victim and use of force. However, such facts did not establish the elements of knowingly or intentionally taking property from another person. As such, there would be no Indiana double jeopardy violation. *Spivey,* 761 N.E.2d at 834. On the other hand, we find a reasonable possibility that the jury may have used evidentiary facts establishing all the essential elements of robbery as a Class A felony to establish also all the essential elements of murder. We refer specifically to evidence that Gross fired a handgun directly at the store clerk, then took $650 in cash, and the store clerk died from the gunshot wounds. This violates the Indiana Double Jeopardy Clause.

■ Moreover, as we recently pointed out, "we have long adhered to a series of rules of statutory construction and common law that are often described as double jeopardy, but are not governed by the constitutional test set forth in *Richardson.*" *Pierce v. State,* 761 N.E.2d 826, 830 (Ind.2002). Among these is the doctrine that where a single act forms the basis of both a Class A felony robbery conviction and also the act element of the murder

conviction, the two cannot stand. *Kingery v. State,* 659 N.E.2d 490, 495–96 (Ind. 1995). Accordingly, the robbery conviction as a Class A felony must be reduced.

The robbery statute provides:

A person who knowingly or intentionally takes property from another person or from the presence of another person:

(1) by using or threatening the use of force on any person; or

(2) by putting any person in fear;

commits robbery, a Class C felony. However, the offense is a *Class B felony if it is committed while armed with a deadly weapon* or results in bodily injury to any person other than a defendant, and a Class A felony if it results in serious bodily injury to any person other than a defendant.

I.C. § 35–42–5–1 (emphasis added). The same doctrine and double jeopardy concerns that prohibit the use of Beers' death to support both the murder conviction and the elevation of robbery to a Class A felony apply equally to the bodily injury variety of Class B felony robbery. However, the charging information in this case reads in pertinent part:

JEREMY D. GROSS and JOSHUA E. SPEARS, on or about AUGUST 26, 1988, did knowingly, *while armed with a deadly weapon,* that is: A HANDGUN, take from the person or presence of CHRISTOPHER BEERS property, that is: UNITED STATES CURRENCY, by putting CHRISTOPHER BEERS in fear or by using or threatening the use of force on CHRISTOPHER BEERS, which resulted in serious bodily injury, that is: DEATH to CHRISTOPHER BEERS[.]

R. at 55 (emphasis added). In essence, the State charged Gross with both the bodily injury variety of Class B felony robbery as well as the armed with a deadly weapon variety of the offense. Also, the record

shows the jury was instructed on the elements of both varieties of robbery as a Class B felony. R. at 483–84; *compare Spears,* 735 N.E.2d at 1165 n. 2 (finding it appropriate to reduce defendant's Class A robbery conviction to Class C robbery where "[t]here was no jury instruction on the use of a deadly weapon . . . ."). Accordingly, we vacate Gross' sentence for robbery as a Class A felony and remand to the trial court for a new sentencing order that imposes sentence for robbery as a Class B felony.

## II. Sentencing

■ Gross challenges his sentence contending the trial court did not give adequate weight to certain mitigating factors.[3] To obtain a sentence of death or life without parole, the State must prove beyond a reasonable doubt the existence of one or more aggravating circumstances listed in Indiana Code section 35–50–2–9(b). *Logan,* 729 N.E.2d at 136. To support its death sentence request in this case, the State relied on the felony murder aggravator: "The defendant committed the murder by intentionally killing the victim while committing or attempting to commit . . . Robbery." I.C. § 35–50–2–9(b)(1)(G). At sentencing, the trial court found this aggravator proven beyond a reasonable doubt, and the record supports the trial court's finding. In its sentencing order, the trial court weighed as mitigating circumstances Gross's unstable childhood characterized by a pattern of parental abuse and neglect, his attainment of a high

school diploma, his satisfactory adjustment while incarcerated at a youth center and at Boy's School, and his volunteering to tutor other inmates while incarcerated at the Marion County Jail awaiting trial. Finding that the mitigating circumstances were outweighed by the aggravating circumstance, the trial court followed the jury's recommendation and sentenced Gross to life imprisonment.

■ "The trial court's determination of the proper weight to be given aggravating and mitigating circumstances and the appropriateness of the sentence as a whole is entitled to great deference and will be set aside only upon a showing of a manifest abuse of discretion." *Dunlop v. State,* 724 N.E.2d 592, 597 (Ind.2000), *reh'g denied.* The trial court is not obligated to accept the defendant's contentions as to what constitutes a mitigating factor. *McCann v. State,* 749 N.E.2d 1116, 1121 (Ind.2001). Nor is the court required to give the same weight to proffered mitigating factors as the defendant does. *Bonds v. State,* 721 N.E.2d 1238, 1243 (Ind.1999). Here, the record of the sentencing proceeding does not demonstrate that the trial court abused its discretion in considering and weighing the mitigating factors against the sole aggravating factor.

■ Upon independent review, we find evidence of Gross' difficult childhood, his age of eighteen at the time of the crime, his graduation from high school, his conduct at Boy's School and at a youth center, his tutoring of other inmates while incar-

---

**3.** Gross phrases this issue as "[t]he sentence of life without parole is manifestly unreasonable and inappropriate for Jeremy because the one aggravating factor does not outweigh the several mitigating factors." Br. of Appellant at 7. Although this Court has the constitutional authority to review and revise sentences, Ind. Const. art. VII, § 4, it will not do so unless the sentence is "manifestly unreasonable in light of the nature of the offense and the character of the offender," Ind. Ap-

pellate Rule 7(B). In this case, although phrasing the issue in terms of "manifestly unreasonable," Gross does not cite the standard for such a claim nor explain how the facts of this case are applicable to the claim. Rather, his argument focuses on the trial court's failure to ascribe appropriate mitigating weight to certain factors and this Court's special appellate scrutiny in cases where the sentence is death or life without parole.

cerated at the Marion County Jail, and his expression of remorse. The mitigating weight warranted for each of these considerations is in the low range, individually and cumulatively.[4] Although there is only a single aggravating factor here, it is a "substantial and serious" one. *Bivins v. State*, 642 N.E.2d 928, 959 (Ind.1994) (affirming defendant's death sentence after weighing the mitigating factors of alcoholism and troubled adolescence against the aggravating factor of an intentional killing in the course of a robbery). We find that the mitigating circumstances in this case are outweighed by the aggravating factor of an intentional murder during a robbery. Having also given due consideration to the jury's recommendation, we determine that the proper and appropriate sentence for Jeremy Gross is life without parole.

### Conclusion

We vacate Gross' sentence for robbery as a Class A felony and remand to the trial court for a new sentencing order that imposes sentence for robbery as a Class B felony. In all other respects, the judgment of the trial court is affirmed.

SHEPARD, C.J., and DICKSON, SULLIVAN and BOEHM, JJ., concur.

---

**4.** Gross seems to suggest that his age is automatically a significant mitigating factor. That is not the case. It is true that a defendant's youth may be a mitigating factor in some circumstances. *See Brown v. State*, 720 N.E.2d 1157, 1159 (Ind.1999) (instructing the trial court to impose concurrent, rather than consecutive, terms on defendant who was sixteen at time of murder and under the influence of a man twice his age); *see also Carter v. State*, 711 N.E.2d 835, 843 (Ind.1999) (finding the fourteen-year-old defendant's sixty-year murder sentence manifestly unreasonable). However, age is not a per se mitigating factor. *See Sensback v. State*, 720 N.E.2d 1160, 1164 (Ind.1999) ("Unfortunately, murders committed by eighteen-year-olds are more common than they used to be."). As we observed in *Ellis v. State*, 736 N.E.2d 731, 736 (Ind.2000), chronological age for people in their teens and early twenties is not the sole measure of culpability. "There are both relatively old offenders who seem clueless and relatively young ones who appear hardened and purposeful." *Id.* In this case, Gross has not demonstrated that his age and culpability are linked in any way.