**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**ELLEN M. O'CONNOR**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JODI KATHRYN STEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TERRY YORK, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 49A04-1105-CR-247 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Grant Hawkins, Judge
Cause No. 49G05-1002-MR-010133

**January 24, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Terry York ("York") was convicted in Marion Superior Court of murder, Class A felony attempted robbery, two counts of Class B felony robbery, Class D felony criminal recklessness, and Class A misdemeanor dangerous possession of a firearm. York appeals and argues that his convictions for both murder and attempted robbery constitute double jeopardy because the attempted robbery conviction was enhanced to a Class A felony based on the same death that formed the basis of the murder conviction. The State concedes that the convictions constitute double jeopardy and further agrees with York that the appropriate remedy is to reduce York's Class A felony attempted robbery conviction to a Class B felony. Agreeing with York and the State, we reverse and remand for proceedings consistent with this opinion.

**Facts and Procedural History**

On February 3, 2010, sixteen-year-old York and two of his sixteen-year-old companions shot dice at the home of Terry Bonds ("Bonds") and Phyllis Scisney ("Scisney"), who had lived together for over thirty years. During the dice game, Bonds displayed a substantial amount of cash, between $1,500 and $2,000. Later that day, York and his companions returned to the house and kicked in the door after initially being turned away. At the time, Bonds was in the kitchen. When York entered the kitchen, Bonds stood up and asked what was going on. York shot Bonds twice in the back, and Bonds fell to the floor.

York and his accomplices demanded money from the other occupants of the house, including Scisney, who finally gave the robbers cash after they threatened to shoot her young grandchildren. York then struck Scisney in the back of the head with his handgun

2

and fled with the other robbers.  It was later determined that Bond died as a result of two gunshot wounds to his back, one of which entered his shoulder and passed through his aorta and lungs.

On February 9, 2010, the State charged York with Count I: murder, Count II: felony murder, Count III: Class A felony attempted robbery, Count IV: conspiracy to commit Class A felony robbery, Counts V-VII: Class B felony robbery, Count VIII: Class D felony criminal recklessness, and Count IX: Class A misdemeanor dangerous possession of a firearm.  At the close of the evidence, the trial court granted York's motion for a directed verdict with regard to Count VII, but the jury found York guilty as charged on the remaining counts.

On April 28, 2011, the trial court held a sentencing hearing, at which the trial court did not impose sentence on Count II and Count IV.  The trial court then sentenced York to fifty-six years on Count I, to be served concurrently with a thirty-year sentence for Count III.  The trial court further sentenced York to eleven years on one Count V, ten years on Count VI, two years on Count VIII, and one year on Count IX.  The trial court ordered the sentence on Count V to be served consecutive to Count I, the sentence on Count VI to be served consecutive to Count III, the sentence on Count VIII to be served consecutive to Count V, and the sentence on Count IX to be served consecutive to Count VI.  Thus, York was sentenced to an aggregate term of sixty-nine years.  York now appeals.

**Discussion and Decision**

York claims that his convictions for murder and Class A felony attempted robbery constitute double jeopardy. York was convicted of murder based on the killing of Bonds. His conviction for attempted robbery was elevated to a Class A felony because it "resulted in serious bodily injury, that is: death to Terry Bonds." Appellant's App. p. 27.

Our supreme court has held that, under Richardson v. State, 717 N.E.2d 32 (Ind. 1999), "a robbery conviction cannot be elevated by the same serious bodily injury (death) that formed the basis of [a] murder conviction." Chapman v. State, 719 N.E.2d 1232, 1234 (Ind. 1999); see also Gross v. State, 769 N.E.2d 1136, 1139 (Ind. 2002) ("where a single act forms the basis of both a Class A felony robbery conviction and also the act element of the murder conviction, the two cannot stand"); Spears v. State, 735 N.E.2d 1161, 1164-65 (Ind. 2000) ("Where a robbery conviction is elevated to a Class A felony based on the same serious bodily injury that forms the basis of a murder conviction, the two cannot stand."); Owens v. State, 897 N.E.2d 537, 539 (Ind. Ct. App. 2008) (concluding that the serious bodily injury that enhanced the defendant's robbery conviction to a Class A felony was the very same harm for which the defendant was convicted and punished for murder and that the defendant's convictions for both crimes therefore constituted double jeopardy); Vennard v. State, 803 N.E.2d 678, 683 (Ind. Ct. App. 2004) (concluding that convictions for murder and robbery constituted double jeopardy where the robbery was elevated to a Class A felony based on the same serious bodily injury, i.e. death, that was used to establish the murder conviction).

We therefore agree with both York and the State that York's convictions for both murder and attempted robbery, which was elevated to a Class A felony based on the same death that formed the basis of the murder conviction, constitute double jeopardy.

York argues, and the State again concedes, that the proper remedy for this violation is to vacate York's conviction for Class A felony attempted robbery and remand with instructions to enter a judgment of conviction for Class B felony attempted robbery. We agree.

> The State charged York with Class A felony attempted robbery as follows:
>
> [York] . . . did attempt to commit the crime of Robbery, which is to knowingly, *while armed with a deadly weapon*, that is: a handgun, take from the person or presence of Terry Bonds property, that is: money, by putting Terry Bonds in fear of by using or threatening the use of force on Terry Bonds, by engaging in conduct, described as: pointing a handgun at Terry Bonds and demanding money, which constituted a substantial step toward the commission of said crime of Robbery, which resulted in serious bodily injury, that is: death to Terry Bonds.

Appellant's App. p. 27.

The jury instructions similarly informed the jury that an element of Class A felony attempted robbery was that York was "armed with a deadly weapon, to wit: a handgun." Appellant's App. p. 92. York was therefore charged with, and found guilty of, not only Class A felony attempted robbery causing serious bodily injury, but also the factually-included offense of Class B felony robbery while armed with a deadly weapon. See Ind. Code § 35-42-5-1(2) (2004) (elevating robbery to a Class B felony if it is committed while armed with a deadly weapon).

5

Accordingly, we vacate York's conviction for Class A felony attempted robbery and remand with instructions that the trial court instead enter judgment of conviction for Class B felony attempted robbery and resentence York accordingly. See Gross, 769 N.E.2d at 1140 (vacating Class A felony robbery conviction as a result of double jeopardy violation and remanding with instructions to enter judgment of conviction for Class B felony robbery where defendant was essentially charged, and the jury instructed, with regard to both Class A and Class B felony robbery); Vennard, 803 N.E.2d at 683 (reducing conviction for Class A felony robbery to Class B felony robbery to remedy double jeopardy conviction where jury was instructed on Class B felony robbery).

Reversed and remanded.

FRIEDLANDER, J., and RILEY, J., concur.