## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 29 2016, 8:57 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Peter D. Nugent
Thomas & Nugent
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Caryn N. Szyper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Ian Defenderfer,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

September 29, 2016

Court of Appeals Case No.
41A01-1604-CR-744

Appeal from the Johnson Superior Court

The Honorable Cynthia S. Emkes, Judge

Trial Court Cause No.
41D02-1410-F1-17

**Bradford, Judge.**

## Case Summary

[1] On October 3, 2014, the Greenwood fire department responded to a report of an unconscious two-month-old infant. At the scene, the responding fire department personnel encountered the child's father, Appellant-Defendant Ian Defenderfer. Defenderfer advised the responding personnel that the child, R.D., had been crying but then stopped breathing. R.D. was transported to Community South Hospital. The next day, Defenderfer admitted that he had shaken R.D. R.D. passed away as a result of the injuries inflicted by Defenderfer on October 5, 2014.

[2] Defenderfer was subsequently charged with one count of Level 1 felony aggravated battery resulting in the death of a person less than fourteen years of age and one count of Level 2 felony battery resulting in the death of a person less than fourteen years of age. On October 15, 2015, Defenderfer pled guilty to one count of Level 2 felony battery resulting in the death of a person less than fourteen years of age. The trial court accepted Defenderfer's guilty plea and sentenced Defenderfer to a term of thirty years, with four years suspended to probation. Defenderfer challenges the appropriateness of this sentence on appeal. We affirm.

# Facts and Procedural History

[3] The factual basis entered during the October 15, 2015 guilty plea hearing provides as follows: on October 3, 2014, Defenderfer knowingly or intentionally touched R.D. in a rude, insolent, or angry manner and that the touching

resulted in the death of R.D. As of October 3, 2014, Defenderfer was twenty years old. R.D. was Defenderfer's two-month-old son.

[4] On October 17, 2014, Appellee-Plaintiff the State of Indiana (the "State") charged Defenderfer with one count of Level 1 felony aggravated battery resulting in the death of a person less than fourteen years of age and one count of Level 2 felony battery resulting in the death of a person less than fourteen years of age. Defenderfer pled guilty to one count of Level 2 felony battery resulting in the death of a person less than fourteen years of age on October 15, 2015. In exchange for his guilty plea, the State agreed to dismiss the Level 1 felony charge. The trial court accepted Defenderfer's guilty plea and, on January 28, 2016, sentenced Defenderfer to a term of thirty years, with four years suspended to probation. This appeal follows.

# Discussion and Decision

[5] Defenderfer contends that his thirty-year sentence is inappropriate in light of the nature of his offense and his character. Indiana Appellate Rule 7(B) provides that "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." In analyzing such claims, we "'concentrate less on comparing the facts of [the case at issue] to others, whether real or hypothetical, and more on focusing on the nature, extent, and depravity of the offense for which the defendant is being sentenced, and what it reveals about the defendant's

character.'" *Paul v. State*, 888 N.E.2d 818, 825 (Ind. Ct. App. 2008) (quoting *Brown v. State*, 760 N.E.2d 243, 247 (Ind. Ct. App. 2002), *trans. denied*). The defendant bears the burden of persuading us that his sentence is inappropriate. *Sanchez v. State*, 891 N.E.2d 174, 176 (Ind. Ct. App. 2008).

[6]     With respect to the nature of Defenderfer's offense, the record reveals that Defenderfer committed a battery upon his two-month-old son, which resulted in his son's death. Defenderfer admitted that he had shaken R.D. because R.D. was not being cooperative while Defenderfer was trying to change R.D.'s diaper. He also admitted that he was frustrated and annoyed with R.D. for crying. The autopsy report revealed that the cause of R.D.'s death was blunt force injury to the head, with clinical findings of acute and chronic subdural hemorrhage, diffuse cerebral edema, diffuse hypoxic injury and retinal hemorrhages. These clinical findings illustrate signs of shaken baby syndrome. After the autopsy report also revealed evidence of prior injuries to R.D., Defenderfer admitted that the prior injuries were likely caused by him.

[7]     In sentencing Defenderfer, the trial court noted that while it would be "difficult" for the court to find Defenderfer to be the worst defendant that could come before the court, Defenderfer's actions were amongst the worst that could come before the trial court. Sent. Tr. p. 54. The trial court also noted that R.D. "was as innocent and helpless as could possibly be." Sent. Tr. p. 46. We agree with the trial court's classification of Defenderfer's criminal acts, which again included battering his helpless two-month-old son to the point of death, to be amongst the worst that could come before the trial court. In addition, while the

thirty-year sentence imposed by the trial court was the maximum that could be imposed under the terms of the plea agreement, it is of note that Defenderfer received the substantial benefit of having the Level 1 felony charge dismissed in exchange for his guilty plea to the Level 2 felony charge.

[8] With respect to Defenderfer's character, like the trial court, we acknowledge that Defenderfer was of a relatively young age at the time he committed the instant offense, did not have any prior arrests or criminal convictions, and had a documented history of mental illness. Defenderfer argues that his sentence is inappropriate in light of his relatively young age at the time he committed the instant offense. The record reveals that Defenderfer was twenty years old when he shook his two-month-old son with enough force to cause the child's death. Defenderfer had graduated from high school; was living with his girlfriend, with whom he had a child; and had a job. While the young age of a defendant is a factor that a sentencing court may consider, age is not automatically a significant mitigating factor. *Gross v. State*, 769 N.E.2d 1136, 1141 n.4 (Ind. 2002). We are unconvinced that Defenderfer's age and culpability are sufficiently linked to render his sentence inappropriate because of his age.

[9] Defenderfer also points to his lack of criminal history as an indication that his sentence is inappropriate. While it appears that Defenderfer had not previously been arrested or convicted of any prior criminal acts, we believe that such prior lawful behavior is offset by the seriousness of his instant offense. We cannot say that it reflects positively on one's character that the first criminal act

committed by the individual is a battery upon his two-month-old child which results in the child's death.

[10] Finally, the record reveals that the trial court considered Defenderfer's documented history of mental illness. The trial court found Defenderfer guilty but mentally ill and made a recommendation for placement in a facility qualified to treat Defenderfer's functioning limitations and mental health issues. The trial court also ordered that the suspended portion of Defenderfer's sentence would be "active probation" requiring "active mental health treatment." Sent. Tr. p. 55. Further, the record reveals that despite Defenderfer's documented history of mental illness, two different doctors found Defenderfer competent to stand trial. The record also reveals that despite a significant number of mental health treatment options being offered to Defenderfer, Defenderfer had chosen not to take advantage of these treatment options.

[11] Upon review, we cannot say that Defenderfer's sentence is inappropriate in light of his age, his lack of a criminal history, or his documented history of mental illness. We therefore conclude that Defenderfer has failed to establish that his thirty-year sentence, four years of which were suspended to probation, is inappropriate in light of both his character and the nature of his offense.

[12] The judgment of the trial court is affirmed.

Pyle, J., and Altice, J., concur.