## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 10 2017, 10:12 am

C L E R K
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Randy M. Fisher
Deputy Public Defender
Leonard, Hammond, Thoma & Terrill
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Angela N. Sanchez
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Lacie K. Hall, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | March 10, 2017 <br><br> Court of Appeals Case No. 02A03-1607-CR-1608 <br><br> Appeal from the Allen Superior Court <br><br> The Honorable Frances C. Gull, Judge <br><br> Trial Court Cause No. 02D05-1601-F5-7 |

**Baker, Judge.**

Lacie Hall appeals the sentence imposed by the trial court after Hall pleaded guilty to Level 5 Felony Battery[1] and Class A Misdemeanor Invasion of Privacy.[2] Hall argues that the trial court failed to consider certain mitigators and that the sentence is inappropriate in light of the nature of the offenses and her character. Finding no error and that the sentence is not inappropriate, we affirm.

# Facts

On June 4, 2014, Hall was convicted of battering Emilio Luna, the father of her son. As a condition of probation, a no-contact order was issued that barred her from contacting Luna.

On January 7, 2016, there was an open arrest warrant for Hall related to an alleged probation violation. She went to Luna's home to visit her son before turning herself in for arrest. Luna asked Hall to leave, and she refused. He tried to push her out of the door, and Hall then attacked him. She pushed and scratched him and pulled a large amount of his hair out of his head. Hall placed one hand on Luna's neck, causing abrasions and redness, though he did not believe that she was trying to strangle him. Hall eventually left the residence, but police found and arrested her as she was walking away.

---

[1] Ind. Code § 35-42-2-1(g).

[2] Ind. Code § 35-46-1-15.1.

On January 13, 2016, the State charged Hall with Level 5 felony battery with a prior conviction against the same victim, two counts of Level 6 felony domestic battery, and Class A misdemeanor invasion of privacy. In exchange for the dismissal of the domestic battery charges, Hall pleaded guilty to Level 5 felony battery and Class A misdemeanor invasion of privacy on May 18, 2016. On June 15, 2016, the trial court sentenced Hall to concurrent terms of four years for battery and one year for invasion of privacy. Hall now appeals.

# Discussion and Decision

## I. Mitigating Circumstances

Hall first argues that the trial court erred by failing to consider several of her proffered mitigating circumstances. Under the advisory sentencing scheme, we may reverse if a trial court finds aggravators that are not supported by the record or are improper as a matter of law or omits mitigators that are clearly supported by the record and advanced for consideration. *Anglemyer v. State*, 868 N.E.2d 482, 490-91 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). It is well established that the trial court is not obligated to accept the defendant's arguments as to what constitutes a mitigating factor. *Gross v. State*, 769 N.E.2d 1136, 1140 (Ind. 2002). An allegation that the trial court failed to find a mitigator requires the defendant to show that the mitigating evidence is both significant and clearly supported by the record. *Anglemyer*, 868 N.E.2d at 493.

Hall contends that the trial court erred by failing to find two of her proffered mitigating circumstances: (1) her relatively young age and difficult upbringing;

and (2) her need for alternative sentencing to prevent undue hardship on her son. First, Hall was twenty-five years old when she committed these offenses— nearly a decade into adulthood. And her years of legal adulthood have been filled with conviction after conviction, despite opportunities to participate in counseling and other services. Under these circumstances, we do not find that the trial court erred in declining to find Hall's age to be a mitigator. As for her upbringing, there is little specific evidence in the record about Hall's childhood. And our Supreme Court has cautioned that "evidence of a difficult childhood warrants little, if any, mitigating weight." *Coleman v. State*, 741 N.E.2d 697, 700 (Ind. 2000). The limited information about Hall's childhood available in this case is neither significant nor clearly mitigating; consequently, the trial court did not err by declining to find this to be a mitigating circumstance.

[7] Second, as to whether Hall's incarceration would result in an undue hardship for her son, we note that some degree of hardship to the children of incarcerated parents is inevitable, but "absent special circumstances, trial courts are not required to find that imprisonment will result in an undue hardship." *Dowdell v. State*, 720 N.E.2d 1146, 1154 (Ind. 1999). The record in this case holds no evidence regarding the impact of Hall's incarceration on her son. Indeed, her son lives with his father, and the record reveals that Hall has failed to pay court ordered child support. In short, there is no evidence that Hall has paid child support, provided any meaningful support to her son, or even spent any significant parenting time with her child. Under these circumstances, the trial

court did not err by declining to find that her incarceration would cause an undue hardship to her son.

## II.  Appropriateness

[8]  Finally, Hall contends that the sentence is inappropriate in light of the nature of the offenses and her character.  Indiana Appellate Rule 7(B) provides that this Court may revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender.  We must "conduct [this] review with substantial deference and give 'due consideration' to the trial court's decision— since the 'principal role of [our] review is to attempt to leaven the outliers,' and not to achieve a perceived 'correct' sentence . . . ."  *Knapp v. State*, 9 N.E.3d 1274, 1292 (Ind. 2014) (quoting *Chambers v. State*, 989 N.E.2d 1257, 1259 (Ind. 2013)) (internal citations omitted).

[9]  For her Level 5 felony conviction, Hall faced a sentence of one to six years, with an advisory term of three years.  Ind. Code § 35-50-2-6(b).  The trial court imposed a four-year sentence—slightly above the advisory but well less than the maximum possible term.  For her Class A misdemeanor conviction, Hall faced a sentence of up to one year.  I.C. § 35-50-3-2.  She received a full one-year term, though it is to be served concurrently with her four-year sentence, for an aggregate term of four years imprisonment.

[10]  With respect to the nature of the offenses, Hall went to Luna's home, in violation of a no-contact order and the terms of her probation.  She was on probation for a previous occasion in which she battered Luna.  When Luna

asked her to leave, she refused and physically attacked him. She pushed and scratched him and ripped a large chunk of hair out of his head. This is her third conviction for battering Luna. The nature of the offenses does not aid Hall's argument.

[11] As for Hall's character, she has been involved in the criminal justice system since the age of fourteen. As a juvenile, she was adjudicated delinquent for disorderly conduct, resisting law enforcement, and battery. As an adult, she has been convicted of Class A misdemeanor domestic battery, Class D felony domestic battery, and Class A misdemeanor battery resulting in bodily injury. Throughout her contact with the criminal justice system, she has had the opportunity to participate with counseling, anger management, and other services; she has also been placed on probation more than once, and as a juvenile was placed in the Girl's School. In other words, Hall has been afforded leniency in the past through alternative placements and the provision of services, but she has been either unable or unwilling to take advantages of those opportunities, instead continuing to batter the father of her child. Under these circumstances, we find that the aggregate four-year sentence imposed by the trial court is not inappropriate in light of the nature of the offenses and her character.[3]

---

[3] Hall raises a separate argument that the trial court should have placed her in Community Corrections rather than imposing a term of incarceration. We have addressed this argument by finding that the four-year sentence imposed by the trial court is not inappropriate.

The judgment of the trial court is affirmed.

Mathias, J., and Pyle, J., concur.