## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



APPELLANT PRO SE

Stephen M. Haines
Michigan City, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

James B. Martin
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Stephen M. Haines, *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, *Appellee-Plaintiff.* | June 28, 2017 <br><br> Court of Appeals Case No. 45A03-1611-PC-2620 <br><br> Appeal from the Lake Superior Court <br><br> The Honorable Salvador Vasquez, Judge <br><br> Trial Court Cause No. 45G01-1209-PC-13 |

**Robb, Judge.**

# Case Summary and Issue

[1]    In 2010, Stephen Haines entered into a plea agreement with the State pursuant to which Haines pleaded guilty to murder and robbery in exchange for the State's agreement not to seek a sentence of life without parole and dismissal of a felony murder charge. Thereafter, Haines filed a petition for post-conviction relief. The post-conviction court denied Haines' petition. Haines, pro se, now appeals the denial of post-conviction relief. Haines raises two issues for our review, which we restate as: (1) whether the post-conviction court erred in denying his petition for post-conviction relief, and (2) whether his convictions violate Indiana's constitutional prohibition against double jeopardy. Concluding the post-conviction court did not err in denying his petition and his convictions do not violate the prohibition against double jeopardy, we affirm.

# Facts and Procedural History

[2]    Pursuant to his guilty plea, Haines stipulated to the following facts. On June 14, 2009, Haines and three confederates formed a plan to rob a gas station in Gary, Indiana. The four men entered the store and Haines pointed a gun at the gas station clerk. Haines advanced toward the clerk and shot him in the back. The store clerk later died from his wounds. The four men took cartons of cigarettes, a VCR, and other items from the store.

[3]    The State originally charged Haines with felony murder and murder and sought a sentence of life without parole. Prior to trial, Haines and his attorneys,

Angela Jones and Sonya Scott-Dix, entered into plea negotiations with the State. Both Jones and Scott-Dix believed it was in Haines' best interest to negotiate a plea because the State possessed a "videotape which showed Mr. Haines shooting the . . . clerk as the . . . clerk was turned around with his back to him with his hands up. And then Mr. Haines taking items from the store thereafter and exiting." Transcript, Volume 2 at 12 (Attorney Jones' testimony). After numerous rounds of negotiations, the parties reached a plea agreement. The plea agreement provided the State would file an amended information adding a charge of robbery as a Class B felony. Haines then pleaded guilty to murder and robbery in exchange for the State's agreement to dismiss the charge of felony murder and to not seek a sentence of life without parole. The plea agreement also provided Haines would be sentenced to the Indiana Department of Correction for an aggregate term of eighty years; sixty-five years for murder and fifteen years for robbery. At the guilty plea hearing, the trial court instructed Haines on the length of his sentence:

Court:       The parties agree that you'll be sentenced to 65
             years in the Department of Correction [for murder]
             and fifteen years in the Department of Correction
             [for robbery], with the sentences to be served
             consecutively, meaning one after the other, total
             being, of course, 80 years in the Department of
             Correction . . . . Mr. Haines do you understand this
             portion of the agreement that I reviewed with you?

[Haines]:    Yes.

Court:       If I decide to accept your agreement your sentence
             is indicated within this document. To be very clear.
             You are asking me to accept a plea agreement in

> your . . . case that will put you in prison for eighty
> (80) years. If I decide to accept your agreement, this
> will be your sentence, 80 years in the Department of
> Correction. Do you follow me?

[Haines]:     Yes.

Court:       Do you have any questions on that?

[Haines]:     No.

Guilty Plea Hearing Transcript at 5-7.

In 2012, Haines filed his petition for post-conviction relief alleging ineffective assistance of trial counsel and that his convictions violated the prohibition against double jeopardy. The post-conviction court conducted an evidentiary hearing on March 31, 2015, and heard additional evidence on April 23, 2015. On October 19, 2016, the post-conviction court issued its findings of fact and conclusions thereon denying Haines' petition for post-conviction relief. Haines, pro se, now appeals. Additional facts will be added as necessary.

# Discussion and Decision

## I. Post-Conviction Relief

### A. Standard of Review

A post-conviction proceeding affords the petitioner an "opportunity to raise issues that were unknown or unavailable at the time of the original trial or the direct appeal." *Maymon v. State*, 870 N.E.2d 523, 526 (Ind. Ct. App. 2007), *trans. denied*. However, a post-conviction proceeding does not constitute "a

super appeal," and it "provide[s] only a narrow remedy for subsequent collateral challenges to convictions." *Id.*

[6] Post-conviction proceedings are civil in nature and the petitioner bears the burden of establishing his grounds for relief by a preponderance of the evidence. *Stevens v. State*, 770 N.E.2d 739, 745 (Ind. 2002), *cert. denied*, 540 U.S. 830 (2003). On appeal from the denial of a petition for post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment. *Willoughby v. State*, 792 N.E.2d 560, 562 (Ind. Ct. App. 2003), *trans. denied*.

> In order to prevail, the petitioner must show that the evidence is without conflict and leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. It is only where the evidence is without conflict and leads to but one conclusion, and the post-conviction court has reached the opposite conclusion, that the decision will be disturbed as being contrary to law.

*Id.* (internal citation and quotation marks omitted). We will not reweigh evidence or assess the credibility of witnesses. *Id.*

## B. Ineffective Assistance of Trial Counsel

[7] Haines first asserts he received ineffective assistance of trial counsel. Specifically, he claims trial counsel was ineffective for failing (1) to properly advise him of the consequences of pleading guilty, which subsequently caused him to enter a guilty plea that was not knowing, intelligent, and voluntary, and (2) to properly advise him regarding available sentence reductions within the Department of Correction.

[8] We review claims of ineffective assistance of counsel based upon the principles enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984):

> [A] claimant must demonstrate that counsel's performance fell below an objective standard of reasonableness based on prevailing professional norms, and that the deficient performance resulted in prejudice. Prejudice occurs when the defendant demonstrates that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." A reasonable probability arises when there is a "probability sufficient to undermine confidence in the outcome."

*Grinstead v. State*, 845 N.E.2d 1027, 1031 (Ind. 2006) (quoting *Strickland*, 466 U.S. at 694).

[9] There is a "strong presumption" that counsel rendered adequate service. *Myers v. State*, 33 N.E.3d 1077, 1089 (Ind. Ct. App. 2015), *trans. denied*. "We afford counsel considerable discretion in choosing strategy and tactics, and '[i]solated mistakes, poor strategy, inexperience, and instances of bad judgment do not necessarily render representation ineffective.'" *State v. Hollin*, 970 N.E.2d 147, 151 (Ind. 2012) (alteration in original) (quoting *Timberlake v. State*, 753 N.E.2d 591, 603 (Ind. 2001)).

[10] Moreover, in the context of a guilty plea, a petitioner must establish a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have instead insisted on going to trial. *Scott v. State*, 986 N.E.2d 292, 296 (Ind. Ct. App. 2013). "A reasonable probability is one that is

sufficient to undermine confidence in the outcome." *Kubsch v. State*, 934 N.E.2d 1138, 1147 (Ind. 2010) (quoting *Strickland*, 466 U.S. at 694).

[11]     Haines first alleges his guilty plea was not knowing, intelligent, and voluntary because his attorneys "led him to pled [sic] guilty without either fully investigating or explaining all of the possible valid defenses in this case." Amended Appellant's Brief at 17-18. However, Haines offers no explanation for what defenses may have been available to him that his attorneys failed to investigate. In addition, both of Haines' attorneys testified at the post-conviction evidentiary hearing that they explained his plea agreement and sentence to him on multiple occasions. When asked how she ensured Haines understood his plea of guilty and the consequences of that plea, Attorney Jones stated, "[b]y going over it[,] each and every paragraph in the plea agreement, reading it aloud. Not just having him read it silently, but reading it aloud with him there in my presence." Tr., Vol. 2 at 18. Attorney Jones testified she believed Haines had a complete and full understanding of his guilty plea. Likewise, Attorney Scott-Dix testified that she discussed the plea agreement with Haines and was satisfied he understood the guilty plea and its consequences. Scott-Dix testified, "I believed him to have understood it, only because we went over it several times to insure [sic] that he understood it." *Id.* at 51.

[12]     Further, at the guilty plea hearing, the trial court discussed the guilty plea with Haines prior to accepting it.

Court:       Mr. Haines, because you are a defendant in a criminal case, you have significant and important legal rights that are guaranteed to you.  All these rights are found within your plea agreement.  Upon your review of this plea document with your attorneys, you should be aware that you have a right to a speedy and public trial by a jury. . . .  With the plea agreement that you're asking me to accept, you will never have that trial. . . .  You understand me?

[Haines]:    Yes.

Court:       By giving up your right to a trial by a jury, you are giving up rights that you would have if we had that trial.  For example, you are also giving up the right to require the State of Indiana to prove you guilty by the standard of beyond a reasonable doubt.  You are giving up the right to confront and cross-examine State's witnesses at trial.  You are giving up the right to use the Court's subpoena power to have evidence or witnesses assist you at trial. . . .  Do you understand these rights that you're giving up by pleading guilty?

[Haines]:    Yes.

Court:       To be clear on this jury-trial issue, you have a right to a trial by jury not only as to the charges that have been filed, you have the right to—all the rights that go along with a trial by jury, but you also have a right to a trial by jury on the enhancement, which is a—which is the life without parole. . . .  And only if they—if a jury were to find you guilty of these two charges, at that point it would be the obligation of the State to present further information to the jury to determine whether you should be sentenced to life without parole.  So your trial would come in two parts.  You are giving up the—this two-part requirement by pleading guilty today.  You understand me?

[Haines]:    Yes.

| | |
|---|---|
| Court: | All these rights you are giving up by asking me to accept a plea agreement today. You understand me? |
| [Haines]: | Yes. |
| Court: | Do you still want to plead guilty? |
| [Haines]: | Yes. |

Guilty Plea Hearing Tr. at 15-18. Simply put, there is ample evidence in the record that Haines' guilty plea was made knowingly, voluntarily, and intelligently. Because the record supports the post-conviction court's determination that trial counsel and the trial court adequately informed Haines of the nature and consequences of his guilty plea, we find that Haines argument is simply a request to reweigh the evidence and reassess the credibility of witnesses, neither of which are functions of this court. *Willoughby*, 792 N.E.2d at 562.

[13] Haines also alleges his counsel was ineffective for failing to properly advise him regarding available sentence reduction programs while imprisoned. Specifically, Haines contends counsel led him to believe he could reduce his sentence by up to twelve years by taking advantage of rehabilitation programs while in prison. After he pleaded guilty, Haines claims he discovered the maximum amount of credit time he may earn is four years. *See* Ind. Code § 35-50-6-3.3(i)(1) (2010). However, this argument too, is a request to reweigh evidence and judge witness credibility, which our standard of review does not permit. *Willoughby*, 792 N.E.2d at 562. At the post-conviction evidentiary

hearing, both Attorney Jones and Attorney Scott-Dix testified they never told Haines he could reduce his sentence by up to twelve years. They stated Haines requested information about available sentence reduction programs and they compiled the relevant information, including Indiana Code section 35-50-6-3.3, and reviewed it with him. Other than Haines' own testimony, there is no evidence either attorney informed Haines he would be able to reduce his sentence by twelve years.[1]

[14] In sum, Haines has not demonstrated deficient performance by his trial counsel and the record supports the conclusion reached by the post-conviction court.

## II. Double Jeopardy

[15] Next, Haines appears to argue his convictions for murder and robbery violate Indiana's constitutional prohibition against double jeopardy. Haines states the "victims of the robbery and the murder were the same individual and occurred in the same course of conduct on the same date." Amended Appellant's Br. at 23. However, Haines has waived this claim by entering into a plea agreement. *See Games v. State*, 743 N.E.2d 1132, 1134-35 (Ind. 2001) (holding a defendant who enters a plea agreement to achieve an advantageous position must keep the bargain and cannot then challenge the sentence on double jeopardy grounds).

---

[1] Haines also alleges his attorneys coerced him into signing a plea agreement by misleading him into believing he would automatically receive a sentence of life without parole if the jury found him to be guilty as charged. There is no evidence in the record to support this assertion. That Haines prudently listened to the advice of his attorneys and negotiated a term of years rather than face the risk of life imprisonment, which the State originally intended to seek, does not equate with coercion or misrepresentation.

[16] Waiver notwithstanding, Haines' convictions do not violate the prohibition against double jeopardy. Article 1, Section 14 of the Indiana Constitution provides that "[n]o person shall be put in jeopardy twice for the same offense." The standard for evaluating an alleged double jeopardy violation is well-settled:

> two or more offenses are the "same offense" in violation of Article I, Section 14 of the Indiana Constitution, if, with respect to *either* the statutory elements of the challenged crimes *or* the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense.

*Richardson v. State*, 717 N.E.2d 32, 49 (Ind. 1999).

[17] Haines appears to argue his convictions for murder and robbery violate the actual evidence test. To establish a violation under the actual evidence test, the defendant must demonstrate a reasonable possibility that the evidentiary facts used by the fact-finder to establish the essential elements of one offense may also have been used to establish the elements of a second challenged offense. *Id.* at 53.

[18] Our supreme court has specifically determined that when there is a "reasonable possibility that the jury may have used evidentiary facts establishing all the essential elements of robbery as a Class A felony to establish also all the essential elements of murder," a violation of the Indiana Double Jeopardy Clause results. *Gross v. State*, 769 N.E.2d 1136, 1139 (Ind. 2002). The court noted that "where a single act forms the basis of both a Class A felony robbery conviction and also the act element of the murder conviction, the two cannot

stand." *Id.* (citing *Kingery v. State*, 659 N.E.2d 490, 495-96 (Ind. 1995)). In such cases, the appropriate remedy is to reduce the robbery conviction to a Class B felony, if supported by the evidence. *Id.* at 1139-40.

[19] Here, Haines did not plead guilty to robbery as a Class A felony, which would require proof he caused serious bodily injury. Haines pleaded guilty to robbery as a Class B felony which requires the use of a deadly weapon. Ind. Code § 35-42-5-1 (1984). Haines stipulated to the fact he used a gun during the commission of his crimes. Therefore, independent facts support his convictions for robbery as a Class B felony and murder, and his convictions do not violate the prohibition against double jeopardy. *See Gross*, 769 N.E.2d at 1139-40.

# Conclusion

[20] The post-conviction court did not err in concluding Haines did not receive ineffective assistance of counsel and his convictions do not violate the prohibition against double jeopardy. We therefore affirm the judgment of the post-conviction court.

[21] Affirmed.

Vaidik, C.J., and Bailey, J., concur.